W. R. FITT, Defendant in Error, *vs.* THE CENTRAL ILLI-NOIS PUBLIC SERVICE COMPANY, Plaintiff in Error.

*Opinion filed June 22, 1916.*

WORKMEN'S COMPENSATION—*when the circuit court cannot in-quire whether Industrial Board acted legally.* Under section 19 of the Workmen's Compensation act, as amended in 1915, the circuit court, upon application for judgment on the award of the Indus-trial Board, has no jurisdiction to inquire into the question whether the Industrial Board has acted legally in making its award but is only authorized to enter judgment on the award, as the statute pro-vides other methods by which the action of the Industrial Board may be reviewed. (*People* v. *McGoorty*, 270 Ill. 610, approved.)

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding.

JAMES VAUSE, JR., CLARENCE W. HUGHES, and CARL D. KIGER, for plaintiff in error.

EDWARD C. CRAIG, JAMES W. CRAIG, JR., DONALD B. CRAIG, and WILLIAM M. MORAN, JR., for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

A judgment was entered in favor of defendant in error in the circuit court of Coles county upon the award made by the Industrial Board of Illinois against plaintiff in error for compensation for injuries sustained by defendant in error while in plaintiff in error's employ. Plaintiff in error interposed written objections to the entry of the judgment, which were overruled, and thereafter the circuit court granted a certificate that the case was one proper to be reviewed by this court, whereupon, in due course, the clerk of this court issued the writ of error in this cause.

The record discloses that defendant in error, while in the employ of plaintiff in error and in the course of his employment, October 26, 1913, was injured, and as a result lost part of a phalange of the second finger on his left hand, and suffered also from a partially stiff joint next to this phalange; that on November 24, 1913, Dr. J. P. Deckard, who was attending defendant in error and who was not selected by plaintiff in error, certified, over his signature, that the defendant in error's disability had ceased. The defendant in error on that same date signed a receipt for the consideration of $32.50 in full compensation for said injury. Thereafter he made application for compensation under the Workmen's Compensation act of 1913. Counsel for plaintiff in error filed objections before the Industrial Board, based on the proposition that under the provisions of the Workmen's Compensation act, a settlement having been voluntarily made by the parties, the Industrial Board was without jurisdiction to hear the matter. This objection was overruled and an order entered allowing as compensation for said injury $273.75, less $32.50 already paid, or $241.25. A certified copy of the decision of the Industrial

Board was filed in the office of the clerk of the circuit court of Coles county January 30, 1915. Counsel for plaintiff in error filed objections, which were overruled, questioning the jurisdiction of the Industrial Board, the same as they had questioned its jurisdiction before that body. Judgment was entered in the circuit court for said sum of $241.25.

The sole argument urged by plaintiff in error here is that the Industrial Board was without jurisdiction to hear the matter, the parties having previously voluntarily settled the claim in full. On the other hand, counsel for defendant in error insist that the circuit court was without jurisdiction to hear the question urged before that court and here, as to the proper construction of the Compensation act. The Workmen's Compensation act of 1913 was at that time in force and governed as to the method of reviewing the proceedings of the Industrial Board in the circuit court. Thereafter that act was amended by an act approved June 28, 1915, amending, among other sections, section 19 of said act of 1913, which provided for the methods to be followed in reviewing the decision of the Industrial Board. By that section of the act of 1913 it was provided that the review should be by this court. The amendment of 1915 provided that the review should be by writ of *certiorari* in the circuit court or a suit in chancery in the same court. This court held in *Courter* v. *Simpson Construction Co.* 264 Ill. 488, that the provision of section 19 of the Workmen's Compensation act of 1913 providing for a review directly by the Supreme Court of the findings of the Industrial Board was unconstitutional, at the same time holding that the circuit courts of the State would have jurisdiction to issue the common law writ of *certiorari* to review the decisions of the Industrial Board for the purpose of determining whether that board had jurisdiction or had exceeded its powers and acted illegally. Since then this court has considered the methods of review under amended section 19, in *People* v. *McGoorty,* 270 Ill. 610. The wording of para-

graph (*g*) of section 19 of the law of 1913, and paragraph
(*g*) of amended section 19 of the law of 1915, is identical
as to the provisions governing the entering of judgment by
the circuit court upon the finding of the Industrial Board.
Under the wording of said section and the reasoning of
*People* v. *McGoorty, supra,* and cases cited, the conclusion
must be that the circuit court does not have authority, when
application is made for judgment on the award, to inquire
into the question whether the Industrial Board has acted
legally in entering the judgment. To so construe the pro-
vision of this paragraph of section 19 of the law of 1913
would require the same construction of paragraph (*g*) of
the present amended section 19, and the conclusion would
then be inevitable that the circuit court would be required,
under the present law, to inquire into the legality of the In-
dustrial Board's actions, on the application for judgment on
the award, in cases where no attempt had been made to
review the finding of the Industrial Board as provided in
said section. Indeed, it would seem to follow that the cir-
cuit court could be required to inquire into the legality of
the proceeding when the application was made for judg-
ment on the award in every case, whether there had been
an application for review in the manner provided by stat-
ute or not. Such a construction of the statute would be
unreasonable.

The circuit court was without jurisdiction to reverse the
findings of the Industrial Board. It was only authorized
in the proceedings before it to enter judgment on the award.
The trial court should have stricken the objections filed by
plaintiff in error instead of overruling them.

The judgment of the circuit court will be reversed and
the cause remanded, with directions to enter judgment in
accordance with the views herein expressed.

*Reversed and remanded, with directions.*