MORRIS BERNSTEIN, Defendant in Error, *vs.* ISAAC BROTH-MAN, Plaintiff in Error.

*Opinion filed October 24, 1916.*

WORKMEN'S COMPENSATION—*when the legality of the Industrial Board's action cannot be inquired into by circuit court.* Upon application to the circuit court to enter judgment on the award of the Industrial Board the legality of the Industrial Board's action cannot be inquired into, as the two methods of review provided in section 19*f* of the Workmen's Compensation act are exclusive.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

MORRIS K. LEVINSON, for plaintiff in error.

LITZINGER, McGURN & REID, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On April 18, 1916, a judgment was entered in the circuit court of Cook county in favor of Morris Bernstein against Isaac Brothman for $737.31 and costs, being the

amount of an award of the Industrial Board under the Workmen's Compensation act, together with attorneys' fees and costs. The court certified that the cause in his opinion was one proper to be reviewed by the Supreme Court. Brothman has sued out a writ of error.

The decision of the Industrial Board was rendered on September 2, 1915. The transcript of the record shows that Brothman sued out a writ of *certiorari* from the circuit court of Cook county, but a review upon that writ was barred because it was not sued out until February 8, 1916, more than four months after the thirty days allowed by the statute for that purpose. Upon the application for judgment in the circuit court on the award the plaintiff in error insisted that the award should be held void and that the Industrial Board was without jurisdiction because neither the decision of the board nor the testimony contained any evidence that the plaintiff in error was an employer or the defendant in error an employee within the meaning of the Workmen's Compensation act and the plaintiff in error was not engaged in a hazardous occupation or business as defined by that act. We have recently held that the two methods of review of the decision of the Industrial Board provided by section 19 of the Workmen's Compensation act are exclusive, and that the circuit court, on an application for a judgment upon an award, cannot inquire into the legality of the Industrial Board's action. *Fitt* v. *Central Illinois Public Service Co.* 273 Ill. 617.

The circuit court properly entered judgment on the award, and this judgment is affirmed.

*Judgment affirmed.*