THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GREGORY T. VANMETER, Admr., Defendant in Error.)

*Opinion filed April 23, 1926.*

1. WORKMEN'S COMPENSATION—*section 21 of Compensation act applies although compensation is paid by agreement.* Section 21 of the Compensation act applies to extinguish a liability for compensation upon the death of the party entitled thereto whether such compensation is paid by agreement of the parties or by an award of the Industrial Commission, as an agreement approved by the commission is in legal effect an award.

2. SAME—*construction of section 23 of Compensation act as to waiver by agreement—jurisdiction.* Section 23 of the Compensation act, providing that no party shall have power to waive any provisions of the act in regard to the amount of compensation payable, cannot be construed to prevent the injured employee from making a legal and binding agreement under the act, as such agreements are fostered and encouraged by the courts; but the parties may not by agreement deprive the Industrial Commission of jurisdiction, and its jurisdiction in case of a settlement by agreement approved by it continues for the purpose of review under the act, the same as it does in case of an award.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

MOLONEY & POSTELNEK, (PETER POSTELNEK, of counsel,) for plaintiff in error.

SOELKE, JOHNSON & KOEHN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a writ of error to the circuit court of Cook county to review the record of that court sustaining the finding of the Industrial Commission which denied the petition of plaintiff in error for cessation of payments of compensation to the estate of John Wahlstrom, deceased. It appears from the record that during his lifetime Wahlstrom

was injured while in the employ of A. Knight, and on April 25, 1922, Knight and Wahlstrom, together with the plaintiff in error indemnity company, entered into an agreement in settlement of Wahlstrom's claim for compensation. By this agreement Wahlstrom was to be paid $1650 for injuries received, at the rate of $12 per week for a period of 137½ weeks, commencing on the first day of December, 1920. The agreement sets forth that the employer denied that the disability was the result of the injury, and denied liability because no demand for compensation was made until about seventeen months after the accident. The employer by the agreement agrees that he will not seek diminution or suspension of the amount agreed upon, and the employee agrees that he will not seek an increase thereof. Weekly payments were to begin as of December 1, 1920, and the record shows that by reason of the agreement a total of $1164 has been paid. On September 24, 1922, Wahlstrom died from causes which it is stipulated were other than the injury received while in the employment of Knight. Subsequent to Wahlstrom's death Knight also died, and plaintiff in error stopped payment of further compensation, and thereafter filed a petition with the Industrial Commission under section 21 of the Workmen's Compensation act, praying that a finding be entered that liability for said payments had ceased. On consideration of the petition the Industrial Commission on December 22, 1924, found the facts in accordance with the stipulation filed, but also found that the right to compensation under the terms of the settlement contract was not extinguished by the death of Wahlstrom. This finding was approved on *certiorari* by the circuit court.

Plaintiff in error contends that under section 21 of the Workmen's Compensation act liability to pay compensation was extinguished by the death of Wahlstrom. That section, so far as it relates to this matter, is as follows: ";Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject

320–35

to the provisions of this act relative to compensation for death received in the course of employment." (Smith's Stat. 1925, p. 1291.)

The language of section 21 is plain, and provides that in cases where payments are being made to the applicant, the right that shall be extinguished by the death of the person or persons entitled thereto shall be "any right to receive compensation" under the act. The award for compensation was paid to Wahlstrom for the injuries which he received. The fact that there is an agreement which has been approved by the Industrial Commission in nowise changes the rule, for the reason that such agreement is in legal effect an award. It is contrary to the spirit of the act to permit the parties to such an agreement to waive the provisions of the act itself, except in so far as the act permits such waiver. (*Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194; *International Coal Co.* v. *Industrial Com.* 293 id. 524.) Moreover, the agreement also provides that it shall be subject to be reviewed by the Industrial Commission upon petition of either party, as provided by paragraph (*h*) of section 19 of the Compensation act. The jurisdiction of the commission continues in the case of a settlement by agreement approved by that body as it does in case of an award. *Tribune Co.* v. *Industrial Com.* 290 Ill. 402.

Section 23 of the Compensation act provides that no employee, personal representative or beneficiary shall have power to waive any provisions of the act in regard to the amount of compensation payable. While this provision is not to be so construed as to prevent the injured employee from making a legal and binding agreement under the act, as such agreements are fostered and encouraged by the courts, parties may not by agreement deprive the Industrial Commission of jurisdiction. *International Coal Co.* v. *Industrial Com. supra; Chicago Railways Co.* v. *Industrial Board,* 276 Ill. 112; *Wabash Railway Co.* v. *Industrial Com. supra; Tribune Co.* v. *Industrial Com. supra.*

There appears to be nothing in a settlement by agreement, such as is involved in this case, which would take it out of the provisions of section 21 of the act. Under that section all right to compensation ceased on Wahlstrom's death, and the circuit court erred in confirming the finding of the Industrial Commission.

The judgment of the circuit court is therefore reversed and the cause is remanded. *Reversed and remanded.*