(No. 23450.—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

L. B. DYER *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHERILLO RICCI, Plaintiff in Error.)

*Opinion filed June 10, 1936—Rehearing denied October 9, 1936.*

C. N. HOLLERICH, for plaintiff in error.

DYER & DYER, for defendants in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Putnam county vacated an order of the Industrial Commission requiring L. B. Dyer and the F. W. Dyer Construction Company to pay Cherillo Ricci a balance of $819 due under a settlement contract made pursuant to the Workmen's Compensation act, together with a penalty of fifty per cent of said sum for unreasonable delay in payment, as provided for by paragraph (*k*) of section 19 of said act. The case is brought here by writ of error.

On September 20, 1930, Cherillo Ricci sustained accidental injuries while in the employ of the construction company, for which he filed an application for adjustment of claim for compensation. Due notice thereof was given the construction company and also the New York Indemnity Company, the insurer. Notices of postponed hearings were given the parties. Final hearing on the application was never had because of representations made that negotiations were being carried on between the parties for a settlement. On July 6, 1931, a settlement agreement was entered into between the applicant and the construction company whereby the applicant was to receive $3065.40 in weekly installments. The agreement was in writing and was entered into on behalf of the construction company by an attorney representing the indemnity company and its assignee. It was presented to and approved by the Industrial Commission on July 9. Regular payments were made pursuant to said agreement until the sum of $2246.40 had been paid. Thereafter no payments were made and the insurance companies became insolvent. The construction company was notified of the default and refused to make payments on the ground that it had not executed the settlement agreement but that it had been executed by the indemnity company in the name of the construction company without authority. Ricci then filed a petition with the Industrial Commission asking for an order for the payment of the sums in default, together with the penalty provided by statute. The commission entered an order pursuant to the prayer of the petition, and the construction company caused the order to be reviewed by the circuit court on *certiorari.* That court reversed the finding and decision of the Industrial Commission.

The settlement agreement was approved without objection by any of the parties, all of whom were properly before the commission pursuant to notices. After being served with notice to appear a party is chargeable with

knowledge of all subsequent proceedings of the tribunal before which the cause or matter is pending. (*Hanberg* v. *Morgan,* 263 Ill. 616; *Niehoff* v. *People,* 171 id. 243; *Domestic Building Ass'n* v. *Nelson,* 172 id. 386.) The construction company is now in no position to deny the validity of the agreement. The action of the Industrial Commission in approving it gave it the effect of an award. (*Hartford Accident Co.* v. *Industrial Com.* 320 Ill. 544; *Glavin* v. *State Highway Department,* 269 Mich. 672.) If the construction company desired to question the execution of the settlement agreement it should have done so before the Industrial Commission when it had the opportunity. It chose to make no objections and sought no review of the agreement's approval. Approximately two years went by, and it then sought by collateral attack to impugn the validity of the agreement. In this it cannot be successful.

Paragraph (*k*) of section 19 provides that in any case where there has been an unreasonable delay of payment the commission may award compensation additional to that otherwise payable equal to fifty per cent of the amount then due, and that failure to pay compensation shall be considered unreasonable delay. The circumstances surrounding non-payment in this case bring it squarely within the provisions of the statute, and the additional award made by the commission in the nature of a penalty was duly authorized.

The finding and award of the commission should have been confirmed by the circuit court. The order of this court is that the judgment of the circuit court be reversed and the decision and award of the Industrial Commission be confirmed.

*Judgment of circuit court reversed.*
*Decision and award of Industrial*
*Commission confirmed.*