BITUMINOUS CASUALTY CORPORATION, Plaintiff-Appellee, *v.* MERCHANTS MOTOR FREIGHT, INC. *et al.*, Defendants,—(ADMIRAL MERCHANTS MOTOR FREIGHT, INC., Defendant-Appellant.)

(No. 56844;

First District (1st Division)—June 18, 1973.

Dowd, Dowd and Dowd, of Chicago, (Joseph V. Dowd and Philip J. McGuire, of counsel,) for appellant.

Kane, Doy & Harrington, of Chicago, (Arthur O. Kane and Samuel J. Doy, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of plaintiff, Bituminous Casualty Corporation and against defendants Admiral Merchants Motor Freight, Inc., (successor to Merchants Motor Freight, Inc., hereinafter referred to as "Merchants") and George Dietz. No appeal has been taken by George Dietz.

On September 14, 1961, George Dietz was an employee of Western Transportation Company, plaintiff's insured. George Dietz was injured while he was assisting the driver of a truck belonging to defendant Merchants.

The injury occurred while Dietz was helping the driver release his trailer, and while doing so Dietz was run over by the Merchants truck. As a result of the accident, Dietz suffered a severe fracture of his right leg.

On September 25, 1962, plaintiff, as the Workmen's Compensation insurer of Western Transportation Company, entered into a settlement with George Dietz under which Dietz was paid a lump sum of $4,000 by plaintiff.

George Dietz had previously received Workmen's Compensation bene-

fits of $230 from the plaintiff. The settlement was approved by the Industrial Commission as provided by the Workmen's Compensation Act.

George Dietz had previously instituted a common law action in the Superior Court of Cook County against defendant-appellant, Merchants.

On October 3, 1961, plaintiff sent defendant, Merchants, notice of its subrogation lien arising out of Workmen's Compensation benefits paid to George Dietz and Merchants acknowledged receipt of the notice of lien.

Thereafter, defendants Merchants and George Dietz entered into a settlement of the common law action without satisfying or in any manner protecting the lien of the plaintiff, Bituminous Casualty Corporation.

Plaintiff then filed a complaint for breach of its lien against both Merchants and Dietz seeking recovery of the $4,230 in Workmen's Compensation benefits it had paid to Dietz.

Defendant Merchants answered the complaint denying the allegation that Dietz was within the scope of his employment by Western Transportation Company at the time he was injured, and alleging that his injuries therefore did not arise out of and in the course of his employment. Merchants also alleged as affirmative defenses that the injuries did not arise out of and in the course of Dietz' employment and that the voluntary payments made by plaintiff to George Dietz did not enable plaintiff to acquire à lien under the terms and provisions of the Workmen's Compensation Act.

Plaintiff subsequently filed a motion for summary judgment and on October 7, 1971, summary judgment was granted against both defendants, Merchants and George Dietz. On the motion of defendant Merchants, the order of October 7, 1971, was vacated as to defendant Merchants only and the plaintiff's motion for summary judgment was reset for argument. On October 15, 1971, the trial judge again granted summary judgment in favor of plaintiff and against defendant, Merchants. Merchants appeals.

Defendant argues that summary judgment was improperly granted because the pleadings did not establish as a matter of law that the Workmen's Compensation Act was applicable to the injuries sustained by George Dietz. Defendant premises this argument primarily on the fact that the Workmen's Compensation settlement contract entered into by George Dietz and Western Transportation Company (Dietz' employer and plaintiff's insured) recited in part:

> "Terms of settlement and reasons therefore: Respondent, Western
> Transportation Co., denies that the injuries sustained by George
> Dietz arose out of and in the course of his employment, but to
> avoid prolonged litigation, Western Transportation Co. agrees to

pay and George Dietz agrees to accept the sum of $4,000.00 In A Lump Sum in full of any and all claims of any kind, nature and/ or description on account of the accident on September 14, 1961 and all known or unknown injuries which allegedly resulted from the said accident * * *."

In addition, defendant also states that the printed form for lump sum settlement petition approved by the Industrial Commission was modified by inserting the typewritten word "allegedly" in the printed statement that Dietz was injured "in an accident that arose out of and while in the employment of Western Transportation Co." Defendant states that the "facts under which the trial court determined that summary judgment was warranted * * * fall far short of showing that the issue of liability is free from doubt."

■■ Section 5 (b) of the Workmen's Compensation Act of Illinois (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b)) provides *inter alia* that if the employee brings an action against the third party tort-feasor, and if judgment is obtained or settlement made, whether with or without suit, "* * * then from the amount received by such employee * * * there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee * * *." This section also provides that:

"If the injured employee * * * agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

In such actions brought by the employee * * *, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in the action. The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. *No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee* * * *, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order.

In the event the employee * * * fails to institute a proceeding against such third person at any time prior to 3 months before

such action would be barred at law the employer may in his own name, or in the name of the employee, * * * commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee * * * all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, * * * and cost, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability." (Emphasis supplied.)

Plaintiff argues that a distinction must be made between remedies sought under Section 5 (b) (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b)) by an employer or by the injured employee against the negligent third party tort-feasor and an action, such as the present case, brought by the employer or the employer's subrogee against both the employee and the third party tort-feasor for breach of the employer's lien.

In support of his argument, plaintiff relies upon the decision in *Employers Mut. Cas. Co. v. Trimon Elevator Co.*, 71 Ill.App.2d 124, 217 N.E.2d 391. In the *Employers* case, this court was concerned with a case where the employee, Richard Moore, was injured while in the employ of Clark-Maple Chevrolet. Moore brought suit against Trimon Elevator as a third party tort-feasor and the plaintiff, as the insurance carrier for Clark-Maple, notified Trimon of their claim for a lien under the Workmen's Compensation Act. On November 19, 1957, plaintiff sent further notice to Trimon stating that they had compensated Moore in the amount of $1,500.00 to that date and demanding reimbursement. Trimon, through its agent acknowledged receipt of this letter. Subsequently, a settlement was effected in the suit between Moore and Trimon, Trimon paid $4,000.00 directly to Moore and the suit was dismissed without in any manner satisfying or protecting the plaintiff's lien. On February 25, 1964, plaintiff brought suit against Trimon and Moore to enforce its lien rights which was dismissed by the trial court on the ground of the statute of limitations. This court in reversing the trial court held that the plaintiff's cause of action to enforce its statutory lien accrued on February 6, 1963, the date of the settlement, and was therefore timely filed.

Significantly, this court in *Employers* case stated at 71 Ill.App.2d 124, 133, 217 N.E.2d 391, 396 that:

"* * * [I]n the instant case, plaintiff is not standing in the shoes of the employee in bringing this action against the third party tort-feasor, but rather, is bringing the action in its own name in order to enforce its right against both the employee and

the third party tort-feasor who have failed to give proper regard to the employer's lien rights."

In *Employers* the court also stated that although under Section 5(b) of the Workmen's Compensation Act the employer is given the right to join in the third party action after he had been given notice of a suit being brought by his employee against the third party tort-feasor, that this right does not provide the exclusive remedy under the Workmen's Compensation Act. The *Employers* court made the further pronouncement that: "There would seem to be no reason in logic or in law why the plaintiff could not enforce that lien in a separate action as it attempted to do." 71 Ill.App.2d 124, 136, 217 N.E.2d 391, 397.

■■ In the present case, when the plaintiff notified defendant Merchants, on October 3, 1961, that the plaintiff claimed a lien under the Workmen's Compensation Act, the plaintiff established its lien. Defendant does not dispute the fact that the notice of lien was received and acknowledged by defendant Merchants nor does it dispute the sufficiency of the notice.

■■ We are of the opinion that the defense asserted by the defendant to justify its action of knowingly paying monies to the injured employee, without satisfying or protecting the lien of plaintiff, does not absolve defendant of liability for the breach of plaintiff's lien. The question raised by defendant, namely whether the accident arose out of and in the course of Dietz' employment, is in our opinion, not pertinent in a case such as the present one, where the plaintiff's cause of action is predicated solely on the breach of lien.

■■ Moreover, the Workmen's Compensation award made to George Dietz in the present case was approved by the Industrial Commission. In *Harrison Sheet Steel Co. v. Industrial Com.*, 404 Ill. 557, 565, 90 N.E.2d 220, 224, the Illinois Supreme Court stated that: "[A] commission-approved settlement agreement is, in legal effect, an award. (*Dyer v. Industrial Com.* 364 Ill. 161; *Hartford Accident and Indemnity Co. v. Industrial Com.* 320 Ill. 544.)." We are of the opinion that defendant Merchants cannot now be heard to question the validity of the Workmen's Compensation settlement after defendant summarily disregarded plaintiff's lien rights under Section 5(b).

We are of the opinion that the trial court properly rendered summary judgment in favor of plaintiff, Bituminous Casualty Corporation, and against defendant, Merchants. As this court stated in *Tau Delta Phi, Tau Eta Chapter v. Gutierrez*, 89 Ill.App.2d 25, 32-33, 232 N.E.2d 205, 210:

"The purpose of the summary judgment proceeding is to test whether there exists a genuine issue of material fact and to summarily dispose of those cases wherein no such issue exists, thereby

avoiding congestion of trial calendars and the expense of unnecessary trials. Ill. Rev. Stats. 1965, Ch. 110, Par. 57; *Allen v. Meyer*, 14 Ill.2d 284, 292, 152 N.E.2d 576; *Giampa v. Sunbeam Corp.*, 68 Ill.App.2d 425, 429, 216 N.E.2d 233. Whether an issue of fact exists is to be determined from the pleadings, depositions, admissions and affidavits, if any, on file in the case. *Giampa v. Sunbeam Corp.*, 68 Ill.App.2d 425, 216 N.E.2d 233."

■■ It appears from the record that there exists no genuine issue as to any material fact. For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.