(No. 50295.

ARTHUR AHLERS, Conservator, Appellee, v. SEARS, ROEBUCK COMPANY, Appellant.

*Opinion filed November 22, 1978.*

Rooks, Pitts, Fullagar & Poust, of Chicago (Douglas F. Stevenson and William N. Krucks, of counsel), for appellant.

Roger J. Boylan, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from the appellate court, which affirmed judgments of the circuit court of Cook County holding that defendant, Sears, Roebuck and Company, is obligated under the terms of a 1971 settlement agreement to make payments accruing from April 1, 1975, through June of 1976 for nursing services for the plaintiff's ward, Anna Ahlers. (54 Ill. App. 3d 638.) We allowed Sears' petition for leave to appeal under Supreme Court Rule 315 (65 Ill. 2d R. 315).

In 1969, Anna Ahlers sustained serious, permanent head injuries in the course of her employment with Sears, Roebuck and Company. A claim for compensation was filed before the Industrial Commission. The incapacitating nature of the accident necessitated the appointment of her husband, Arthur, as conservator. In addition to medical attention immediately following the accident, continuous nursing care was recommended because Mrs. Ahlers could not care for herself. On June 4, 1971, a settlement contract executed by the parties was approved by the Commission. As part of the agreement, Sears became obligated to pay $725 per month for nursing care.

Two conditions subsequent were included in the agreement; the occurrence of either would relieve Sears of its duty of payment of $725 per month. It was agreed that payments would be discontinued if nursing care was no longer required or if the Commission determined that Mrs. Ahlers required different nursing care.

On March 14, 1974, Sears filed a petition to reopen the case before the Commission, alleging that nursing services were no longer being provided and that its payment obligation had therefore terminated. Sears honored its obligations under the agreement until April 1, 1975, at which time it unilaterally terminated payments. The petition to reopen the case was eventually denied on

January 6, 1976. Sears did not seek review.

On June 3, 1976, Arthur Ahlers, husband and conservator of Anna, filed suit in the circuit court of Cook County for amounts accrued under the agreement but not paid since April 1, 1975. The action was filed under section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)), which provides:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall render a judgment in accordance therewith."

On June 25, 1976, the circuit court entered judgment in favor of Ahlers for $10,150, representing the $725 monthly payments withheld by Sears between April 1, 1975, and June 1, 1976. A $2,000 judgment for attorneys' fees was entered on September 1, 1976. Also, on that date, Ahlers recovered a judgment for $1,450, representing payments due in June and July of 1976, and attorneys' fees of $290. Sears appealed the judgments for arrearages to the appellate court, but also, in December 1976, filed its second petition to reopen the case with the Commission. The award of attorneys' fees is not contested.

In the appellate court, Sears filed a motion to dismiss on August 29, 1977. The appellate court was informed that Sears had commenced new proceedings in the Commission, that those proceedings were then pending, and that the same issues were before the Commission. The appellate court was also informed of Arthur Ahlers' concession in those proceedings that nursing care had not been provided since early 1974. Medical testimony was also given to the Commission by Dr. Israel Zivin that, since

early 1974, Mrs. Ahlers' condition had not required such constant care as was previously provided.

Sears' motion to dismiss was denied, and the appellate court soon thereafter, on October 30, 1977, rendered its decision in favor of Ahlers, from which Sears has taken this appeal. The appellate court denied a petition for rehearing on November 30, 1977.

Two days later, on December 2, 1977, the Commission, in response to Sears' second petition to reopen the case, entered an order which reduces Sears' payment obligation from $725 to $325 per month as of November 23, 1977. That decision is presently in the circuit court on a writ of *certiorari* under section 19(f) (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)), and is not being reviewed herein. The circuit court's judgments of June 25 and September 1, 1976, for arrearages, as well as its authority to enter these judgments, form the basis of the present appeal. We shall first address Sears' argument that the requirements of section 19(g) have not been met, and then the argument that the circuit court improperly entered judgment on the 1971 Commission order of approval without first being apprised of the current status of the parties.

Section 19(g) confers authority upon the circuit courts to render judgment in accordance with an award or other decision of the Commission when a certified copy thereof is presented to the court. We see no problem in concluding that the Commission's order of approval constitutes a decision of the Commission or is the equivalent of an award within the meaning of section 19(g), as we see no reason for drawing a distinction between a decision reached after full adversary proceedings and an order of approval of the parties' settlement agreement such as that entered here. Commission approval of such agreements is both authorized (Ill. Rev. Stat. 1975, ch. 48, par. 138.23) and encouraged (*Hartford Accident &*

*Indemnity Co. v. Industrial Com.* (1926), 320 Ill. 544, 546), and previous cases recognize that Commission approval of a settlement agreement may be, in legal effect, an award (*Harrison Sheet Steel Co. v. Industrial Com.* (1950), 404 Ill. 557, 565; *Michelson v. Industrial Com.* (1941), 375 Ill. 462, 468; *Dyer v. Industrial Com.* (1936), 364 Ill. 161, 163; *Hartford Accident & Indemnity Co. v. Industrial Com.* (1926), 320 Ill. 544, 546). We now hold that Commission approval of a settlement agreement constitutes a decision of the Commission and is, in legal effect, the equivalent of an award within the meaning of section 19(g). We accordingly hold that an action on an approved settlement agreement may properly be commenced in the circuit court under section 19(g).

Sears argues, however, that the circuit court erred in entering judgment on this particular approval order. By the statute's own terms, only final orders of the Commission may be presented to the circuit court under section 19(g), and no action lies under that section if proceedings for review are pending. It is Sears' contention that these requirements have not been satisfied. Sears first contends that the Commission order of approval is not a final order because it is subject to modification according to the conditions set forth in the parties' approved settlement agreement. It is also Sears' contention that the circuit court erred in entering judgment under section 19(g) because proceedings were pending before the Commission. We will address the two arguments in order.

Sears' argument that the Commission's approval order is not a final order is prompted by the following provision of the parties' agreement:

> "In the interest of resolving the dispute as to the extent of the obligation of respondent to provide nursing home care, respondent agrees to pay the sum of $725.00 a month beginning with July 1, 1970 to reimburse the conservator for the nursing home or its equivalent costs borne by him, which said monthly payment shall con-

> tinue until nursing care and attention is no longer required or until it is determined by the Commission that it is in the best interests of petitioner that other or different nursing care is required by petitioner."

Contrary to Sears' argument, we do not believe that the inclusion of conditions in the parties' agreement requires us to conclude that the Commission's order of approval is not final. An order of the Commission becomes final when the rights and obligations of the parties are determined. (*South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 121.) We do not feel that inclusion of conditions in the agreement renders the Commission's order of approval nonfinal or unenforceable. Additionally, we note, as did the appellate court, that any judgment entered under section 19(g) is, by the statute's own terms, subject to modification (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)). The possibility of modification, however, does not preclude, in the first instance, entry of judgment under the section.

We also note the similarity between the present settlement agreement and child-custody decrees. Both are subject to modification in the best interests of the individual who is the subject of the judgment or decree. Notwithstanding the possibility of modification, child-custody decrees are considered final and enforceable. (*Gleiser v. Gleiser* (1949), 402 Ill. 343, 345.) In the same way, we feel that the Commission's order of approval in the case now before us is a final order for the purpose of entering a judgment thereon under section 19(g).

Sears also argues that the circuit court erred in entering judgment under section 19(g) because review proceedings were then pending in the Commission. The statute specifically provides that entry of judgment is not possible when review proceedings are pending.

Our examination of the record reveals that no proceedings involving the issue of nursing care were

pending in the Commission when the circuit court entered its judgments on June 26 and September 1, 1976. It seems that a petition by Ahlers may have been pending on these dates, but unrelated matters were at issue. It appears that the issue of nursing care was placed before the Commission after these dates. In Sears' motion to dismiss filed in the appellate court on August 29, 1977, Sears admits that the proceedings were commenced after the perfection of appeals to the appellate court. In short, no proceedings involving the issue of nursing care were pending when the circuit court entered its judgments, and Sears' argument on this point must fail.

In addition to questioning whether the Commission order of approval meets the requirements of section 19(g), Sears argues that the circuit court erred in entering judgment without admitting evidence on the issue of the parties' current status. Specifically, it is Sears' contention that the Commission is the only proper fact-finding body in this case, that only the Commission can resolve conflicts in medical testimony on an issue such as that presented here of whether the injured employee requires medical care, and that the circuit court therefore erred in entering judgment without first requiring Commission determination of the parties' current status. Under Illinois cases, it is argued, an action under section 19(g) will lie only where, unlike here, the record indicates the current status of the parties. (See, *e.g., Gerish v. Feldman* (1943), 381 Ill. 635; *Dyer v. Industrial Com.* (1936), 364 Ill. 161; *Hartford Accident & Indemnity Co. v. Industrial Com.* (1926), 320 Ill. 544.) The record now before us contains the parties' 1971 settlement agreement and the Commission's order of approval, but the current status of the parties is not reflected. Although offered, no evidence was admitted on the issue of Mrs. Ahlers' present need for nursing care.

Our reading of the statute, our understanding of its purpose, and previous decisions of this court convince us

that the circuit court did not err in entering judgment without first determining whether Mrs. Ahlers is presently in need of nursing care. The statute provides in absolute terms that, upon presentation of a certified copy of an award or decision to the circuit court, "the court shall render a judgment in accordance therewith." (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g).) Recognizing the purpose of the section to permit speedy entry of judgment (*Franklin v. Weelco Co.* (1972), 5 Ill. App. 3d 731, 734, cert. denied (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901), previous cases have held that the circuit court's inquiry under section 19(g) is limited to a determination of whether the requirements of the section have been met (*McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 223). The court may not, for example, question the jurisdiction of the Commission or the legality of its actions (*Gerish v. Feldman* (1943), 381 Ill. 635, 636-37; *Bernstein v. Brothman* (1916), 275 Ill. 290, 291; *Fitt v. Central Illinois Public Service Co.* (1916), 273 Ill. 617, 619-20), and it may not review the Commission's decision or construe the statute (*St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 478; *Friedman Manufacturing Co. v. Industrial Com.* (1918), 284 Ill. 554, 558). Especially relevant to the issues presented herein is the *Schorr* case in which it was held that the circuit court must, if a certified copy of an award or decision is properly presented, enter judgment even though the award may be too large (*St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 479). The circuit court may refuse to enter judgment only, for example, when a lack of jurisdiction appears on the face of the record (*Fico v. Industrial Com.* (1933), 353 Ill. 74, 79).

In summary, we hold that the Commission's order of approval of the parties' settlement agreement may be the basis of an action under section 19(g), and that the circuit court did not err in entering judgment thereon. We express no opinion on the Commission's order reducing Sears'

monthly payment obligation from $725 to $325 per month, as that decision presently is being reviewed by the circuit court. We note, however, as did the appellate court, that section 19(g) would allow Sears to seek modification of the present judgments for arrearages if it is ultimately determined that Mrs. Ahlers' need for nursing care has, in fact, diminished.

The judgment of the appellate court, affirming the judgments of the circuit court of Cook County, is affirmed.

*Judgment affirmed.*