SHIRLEY MICHAEL, Petitioner-Appellee, v. FANSTEEL, INC., Respondent-Appellant.

Second District   No. 2—91—1376

Opinion filed October 8, 1992.

Julian Johnson, of Waukegan, for appellant.

Steven A. Globis, of Marszalek & Marszalek, of Chicago, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Respondent, Fansteel, Inc., appeals from the judgment of the circuit court in favor of petitioner, Shirley Michael, and the order denying its petition for an order of satisfaction of the judgment. Respondent argues that the circuit court erred by not entering a satisfaction of the judgment based on a tender of payment and a showing of payments made prior to the entry of the judgment.

The matter in the circuit court arose as a petition for an entry of judgment based on a worker's compensation award under section 19(g) of the Workers' Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g)). Petitioner had received a determination from the arbitrator that she was entitled to $6,874.53. In addition, the Industrial Commission (Commission) later awarded $3,402.27 as a penalty under section 19(k) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(k)) as a sanction for an unreasonable or vexatious failure to pay the previous award. Petitioner sought the entry of an enforceable judgment by the circuit court based on these awards.

Respondent contended that the awards were erroneous and unjust because it was contesting a double recovery awarded to petitioner. The arbitrator did not credit respondent for the amount it had paid petitioner for holiday pay during the period she was also receiving total temporary disability (TTD) payments prior to the final award. Respondent attempted to correct the error amicably with petitioner's at-

torney without the necessity of resorting to commencing a review proceeding. However, petitioner's attorney refused the tender of the award with a credit for the holiday pay and then commenced the petition for the penalty and the petition to enroll a judgment, from which this appeal arises.

In particular, the arbitrator based his award on the following calculations:

| | | |
|---|---|---:|
| a. | Temporary Total disability for 16⅐ | |
| | weeks at $343.47 per week | $ 5,544.59 |
| | Less Temporary Total Disability paid | - 4,612.26 |
| | Balance Due on TTD | $ 932.33 |
| b. | 10% Permanent Partial Disability of the | |
| | left leg—20 weeks at $293.61 per week | +5,872.20 |
| | Total | $ 6,804.53 |
| c. | Unpaid Medical | + 70.00 |
| | Total Net Award | $ 6,874.53 |

Respondent alleged that prior to the arbitration hearing petitioner submitted a memorandum which specified her amount of time spent on TTD and the amount of benefits already paid to her, which she listed as $4,955.73. Respondent contested that figure and stated it had paid only $4,612.26; respondent mistakenly failed to include the holiday pay in the interim benefits. The arbitrator then used the lower figure as submitted by respondent as a credit against the final net award.

After the arbitration hearing, respondent contended that petitioner received five days of holiday pay, which should have reduced the amount of time on TTD by five days; in addition, respondent paid the holiday pay at full scale, rather than at the two-thirds scale specified for TTD. Using this calculation, respondent claimed only $6,285.67 was the total net award, a difference of $588.66 from the actual net award.

On March 20, 1990, respondent's attorney sent petitioner's attorney a letter outlining the error and offering to resolve the dispute out of court without the necessity of filing a petition for review, which, respondent's attorney noted in the letter, would have to be filed by April 11. Having no response, respondent's attorney sent a second letter by electronic facsimile on April 9 and again on April 19. Petitioner's counsel did not acknowledge the letters until April 16, and on April 25, 1990, demanded payment of the arbitrator's award in full.

The attorneys sent more letters to each other arguing over the propriety of the double payment. On June 13, respondent's attorney mailed a check to petitioner's attorney for $6,285.67, which did not include the disputed amount. On June 27, petitioner's attorney mailed it back to respondent's counsel.

Petitioner then requested the assessment of a penalty pursuant to section 19(k). The Industrial Commission held that respondent failed to file a motion to correct the award pursuant to section 19(f) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)) and therefore the award was final. The Commission further held that respondent had no right to contest the amount due and thus found its delay in making payment unreasonable. Section 19(k) required a penalty in the amount of 50% of the total award; in this case, the penalty was $3,402.27. Respondent filed a petition for review before the circuit court on the 28th day following this award; however, section 19(f) provides that the petition must be filed within 20 days, and the proceeding was dismissed.

Petitioner next petitioned the circuit court in the instant cause for the entry of a judgment based on the arbitrator's award, the penalty and her attorney's fees. Respondent objected to the petition and moved for a satisfaction of judgment. The trial court found that the decision of the Industrial Commission was not against the manifest weight of the evidence and upheld both awards. On November 1, the court entered an order determining that respondent owed petitioner $6,874.53 plus $3,402.27.

On November 20, respondent moved for a satisfaction of the November 1 judgment and appended copies of the checks it used to pay petitioner her interim benefits and the checks it had tendered to her. The total of these checks, which included the holiday paycheck and the tendered $6,285.67, allegedly would have totaled the amount of the judgment. The trial court denied the motion, and respondent filed a notice of appeal on November 27.

■ In a proceeding to enter a judgment based on a worker's compensation award under section 19(g), the circuit court's inquiry is limited to a determination of whether the petitioner has met the requirements of the section. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268.) The circuit court may not review the Commission's decision or construe the statute. (73 Ill. 2d at 268.) Only tender of full payment of the final award is a defense to a section 19(g) petition. (*Voorhees v. Industrial Comm'n* (1964), 31 Ill. 2d 330, 332.) Thus, while respondent argues that the Commission's assessment of penalties which arose from petitioner's attorney's delay in resolving the conflict was unjust, the circuit court had no power to review the pen-

alty. Consequently, this court has no opportunity to rule that the circuit court erred in entering judgment on the awards. An appeal from the penalty award was respondent's remedy.

Respondent also argues that the circuit court erred by failing to grant a satisfaction of judgment pursuant to section 12—183 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 12—183). Respondent cites *Klier v. Siegel* (1990), 200 Ill. App. 3d 121, where this court determined that a defendant in a general tort case may move for a satisfaction of judgment by showing that payments were made to the plaintiff prior to trial and judgment, even though defendant did not present the payments as a setoff prior to the finality of the judgment. Petitioner cites *Franz v. McHenry County College* (1991), 222 Ill. App. 3d 1002, where this court held that, in a section 19(g) proceeding, a party may not introduce evidence of other credits which were not introduced before the arbitrator. The parties in *Franz* did not cite *Klier*.

The two cases represent two different policies. In *Klier*, we recognized that, for strategic reasons, a party may not present evidence of setoffs before the jury. (*Klier*, 200 Ill. App. 3d at 128.) For example, the defendant may decide to conceal evidence that its insurance carrier had made some payments to the plaintiff prior to trial; the existence of insurance, or the inference of an admission of liability, may prejudice the jurors from giving proper consideration to the issue of liability. However, the courts do not want to create disincentives to the worthy aims of obtaining insurance or making interim payments without the delay of trial. Also, the *Klier* court noted that the purpose of the lawsuit is to provide compensation to the plaintiff, not a windfall and not a punishment of the defendant. (200 Ill. App. 3d at 127.) Illinois has a strong public policy against a plaintiff's double recovery for the same injury. (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 321; *Klier*, 200 Ill. App. 3d at 127.) The court in *Klier* found that the plaintiff should not be entitled to obtain a windfall or double recovery stemming from his evasiveness in acknowledging receipt of the advance payments or in his refusal to accept the balance of the sums actually owed to him. The court permitted the judgment to be satisfied based on the proof of the pretrial payments. (200 Ill. App. 3d at 129.) *Klier* did not involve the Workers' Compensation Act.

In *Franz*, the employee attempted to obtain credit for the use of sick days after the arbitrator's award became final. We determined that the employee was attempting a collateral attack of the award to modify it with matters outside the record. (*Franz*, 222 Ill. App. 3d at

1006.) The employee should have sought to include the credit in the net award rather than sitting idly by while the award became final; he failed to exhaust his remedies. 222 Ill. App. 3d at 1007.

■■■ The policy of the Workers' Compensation Act is to provide an expeditious, efficient and unified method of compensating workers for their injuries. (See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 180-81.) Part of the arbitrator's duties are to calculate the amount of prehearing payments. An employer has no reason to withhold the information from the impartial arbitrator. The arbitrator expects the employer to have made interim payments and is not influenced by the making of the payments or the presence of an insurance carrier, especially where liability is not at issue and only the question of damages is disputed. (See *Kelsay*, 74 Ill. 2d at 180-81.) Thus, some of the equities present in *Klier* are not present in a worker's compensation proceeding. The failure to present a germane setoff detracts from the expeditiousness and efficiency of the system. Thus, we determine that the policy enunciated in *Franz* overrides the policy in *Klier* under the facts in this cause, even if petitioner will receive a double recovery. Respondent's lack of diligence in presenting the correct amount of setoffs created the erroneous award. It was incumbent upon respondent to correct the award, and respondent chose the wrong remedy in resolving the error. By allowing the award to become final, respondent lost its right to contest it. While this court approves of the efficient and inexpensive method of settling disputes outside of a legal proceeding, this court must respect the finality of judgments.

For the above reasons, the judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.