959 N.E.2d 772 (2011)
355 Ill. Dec. 358
Melinda JACOBO, Appellant,
v.
ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (New Breed Leasing of Illinois, Inc., Appellee).
No. 3-10-0807 WC.
Appellate Court of Illinois, Third District, Workers' Compensation Commission Division.
November 16, 2011.
*774 Thomas M. Strow, Law Offices of Peter F. Ferracuti, Ottawa, for Melinda Jacob.
Edward R. Tomkowiak, Rusin, Maciorowski & Friedman, Ltd., Chicago, for New Breed Leasing of Illinois, Inc.

OPINION
Justice STEWART delivered the judgment of the court, with opinion.
¶ 1 This appeal concerns the decision of the Workers' Compensation Commission (the Commission) not to award the claimant, Melinda Jacobo, penalties and attorney fees against the employer, New Breed Leasing of Illinois, Inc., pursuant to sections 19(l), 19(k), and 16 of the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/19(l), 19(k), 16 (West 2006)), for *775 unreasonable delay in payment of compensation under the Act. The employer refused to pay undisputed portions of the claimant's benefits until all appeals were exhausted on an unrelated issue. We hold that undisputed benefits must be promptly paid or the employer will be subject to penalties and attorney fees. Accordingly, we reverse and remand.

¶ 2 BACKGROUND
¶ 3 In December 1998, the claimant injured her back in a work-related accident when a forklift backed into her. The claimant filed an application for adjustment of claim as well as a petition for penalties and attorney fees pursuant to sections 19(l), 19(k), and 16 of the Act (820 ILCS 305/19(l), 19(k), 16 (West 2006)). This initial petition for penalties is not at issue in the present appeal.
¶ 4 The arbitrator found that the claimant's back condition was causally related to the work accident and that the claimant had become permanently and totally disabled as a result of the accident. The arbitrator awarded the claimant temporary total disability (TTD) benefits for a period of 203 2/7 weeks, awarded permanent total disability benefits (PTD) beginning May 23, 2003, and awarded reasonable and necessary medical expenses. The arbitrator also granted the claimant's petition for penalties, finding that the employer unreasonably delayed in paying the claimant TTD benefits and paying for necessary medical treatments. Specifically, the arbitrator found that there was no dispute that the claimant suffered from a back injury caused by the work accident and that the employer unreasonably relied on an independent medical evaluation in disputing the claimant's request for benefits under the Act.
¶ 5 The employer appealed the arbitrator's decision to the Commission. The employee, however, did not seek a review of the arbitrator's award. On April 10, 2007, the Commission affirmed the arbitrator's awards of TTD and PTD benefits and medical expenses. The Commission, however, reversed the arbitrator's award of penalties and fees against the employer for unreasonable delay in paying the claimant benefits under the Act. The Commission found that the employer's "denial of benefits after the initial independent medical examination was not unreasonable." In addition, the Commission determined that the employer was due section 8(j) credit (820 ILCS 305/8(j) (West 2006)), in the amount of $24,824.19, the net amount it paid to the employee for group disability benefits.
¶ 6 On May 10, 2007, the employer's attorney sent a letter to the claimant's attorney that stated as follows:
"Please be advised that respondent has decided not to appeal the Commission's award in this matter. Please advise as to your computations concerning the amount of the award presently due and owing so that we can agree on the amount.
Also, please advise as to your demand to resolve the entire matter.
Thank you for your attention to this matter. I look forward to hearing from you at your earliest convenience."
¶ 7 On May 21, 2007, the claimant appealed the Commission's decision to deny her petition for penalties. The employer did not seek any additional review of the Commission's awards for medical expenses and TTD and PTD benefits. The employer, however, did not pay the claimant the amount it owed for the undisputed awards for TTD, PTD, and medical expense benefits. On April 22, 2008, during a telephone conference, the claimant's attorney requested that the employer's attorney obtain payment of the Commission's awards. *776 On April 28, 2008, the claimant filed her brief in her appeal to the circuit court, raising only the issue of penalties.
¶ 8 On May 21, 2008, the claimant's attorney sent an e-mail to the employer's attorney that stated as follows: "Please let me know the status of payment on Jacobo. I am under pressure to get the substantive award paid, and would have to bring the matter up for a penalties hearing if not addressed immediately." The claimant's attorney followed up with another email on June 8, 2008, as follows: "FYI, I was just instructed to file petition on non-payment of the award. Please advise as to the status." On June 11, 2008, the claimant's attorney sent the following email to the employer's attorney: "Were you going to send a proposed payment on Jacobo? Please send it by fax or email to ensure speedy agreement."
¶ 9 On June 12 and 14, 2008, the parties' attorneys exchanged e-mails concerning their respective calculations of the Commission's awards. The claimant's attorney concluded his e-mail with the following:
"If you agree [with the calculations], please have a check forwarded as soon as possible. We would prefer not to wait until the 30th. Please recall that since it was obvious we would only be appealing on penalties, the award should have been paid last year. I still have instructions to seek penalties, but we may drop that issue if the check is received promptly."
¶ 10 On June 17, 2008, the parties appeared in the circuit court for a hearing on the claimant's appeal from the denial of her first petition for penalties. On June 20, 2008, the claimant's counsel again emailed the employer's counsel about payment of the Commission's awards. On June 26, 2008, the circuit court entered a judgment that reversed the Commission on the penalties issue and reinstated the arbitrator's penalty award. In an email dated June 30, 2008, the claimant's attorney wrote to the employer's attorney: "Please advise as to payment. I believe you said to give you until today."
¶ 11 By July 3, 2008, the claimant still had not received a payment from the employer for the undisputed awards for TTD, PTD, and medical expense benefits. Therefore, the claimant filed a second petition for penalties and attorney fees pursuant to sections 19(l), 19(k), and 16 of the Act, alleging that the employer unreasonably and vexatiously refused to pay the undisputed portion of the Commission's awards. This second petition for penalties is the subject matter of the present appeal.
¶ 12 Meanwhile, the employer appealed the circuit court's judgment, and the only issue on appeal was the issue of penalties. On April 27, 2009, the appellate court reversed the circuit court and reinstated the Commission's decision on the issue of penalties. Jacobo v. Illinois Workers' Compensation Comm'n, No. 3-08-0559 WC (2009) (unpublished order pursuant to Supreme Court Rule 23 (eff. May 30, 2008)). The appellate court held that the evidence at the arbitration hearing presented conflicting medical opinions and that the employer's reliance on its independent medical examiner's opinions was not unreasonable or vexatious. On June 24, 2009, the employer finally paid the claimant for the undisputed portion of the Commission's awards for medical expense, TTD, and PTD benefits. At that time, the claimant's second petition for penalties was still pending.
¶ 13 On September 15, 2009, the Commission conducted a hearing on the claimant's second petition for penalties. The claimant maintained that the employer's delay in paying the undisputed awards until June 24, 2009 was unreasonable and vexatious. The Commission denied the claimant's petition for penalties, ruling as follows:

*777 "[The claimant] filed a writ of certiorari on the Commission's original decision. Eventually, the Appellate Court issued a decision on April 29, 2009 affirming the Commission's decision awarding a total permanent to [the claimant] but denying penalties and attorney fees.
Immediately after the Appellate Court decision came down, [the employer] began paying the Commission's award.
The Commission adopts the Appellate Court decision and finds that the Petitioner's petition for Penalties and Attorney Fees is hereby denied."
¶ 14 The claimant appealed the Commission's denial of her second petition for penalties to the circuit court. The circuit court confirmed the Commission's denial of penalties, holding as follows:
"At no time while the appeal was pending did the [claimant] seek a judgment from the court. In fact, [the claimant] could not have done so under 19(g) because proceedings for review were still pending. There is no case law or statutory authority requiring the [employer] to pay undisputed amounts. Thus, the [employer's] failure to do so should not be considered the basis for a penalty."
¶ 15 The claimant appeals the judgment of the circuit court that confirmed the Commission's decision. The claimant argues that the Commission's denial of penalties for the employer's delay in paying the undisputed awards was against the manifest weight of the evidence.

¶ 16 ANALYSIS

¶ 17 I.
¶ 18 Standards for Awarding Penalties and Attorney Fees Pursuant to Sections 19(l), 19(k), and 16 of the Act.
¶ 19 The claimant requested penalties pursuant to sections 19(l) and 19(k) of the Act and attorney fees pursuant to section 16 of the Act. The standard for granting penalties pursuant to section 19(l) differs from the standard for granting penalties and attorney fees under sections 19(k) and 16. Section 19(l) provides in pertinent part, as follows:
"In case the employer or his or her insurance carrier shall without good and just cause fail, neglect, refuse, or unreasonably delay the payment of benefits under Section 8(a) or Section 8(b), the Arbitrator or the Commission shall allow to the employee additional compensation in the sum of $30 per day for each day that the benefits under Section 8(a) or Section 8(b) have been so withheld or refused, not to exceed $10,000. A delay in payment of 14 days or more shall create a rebuttable presumption of unreasonable delay." (Emphasis added). 820 ILCS 305/19(l) (West 2006).
¶ 20 Penalties under section 19(l) are in the nature of a late fee. Mechanical Devices v. Industrial Comm'n, 344 Ill.App.3d 752, 763, 279 Ill.Dec. 531, 800 N.E.2d 819, 828 (2003). In addition, the assessment of a penalty under section 19(l) is mandatory "[i]f the payment is late, for whatever reason, and the employer or its carrier cannot show an adequate justification for the delay." McMahan v. Industrial Comm'n, 183 Ill.2d 499, 515, 234 Ill.Dec. 205, 702 N.E.2d 545, 552 (1998). The standard for determining whether an employer has good and just cause for a delay in payment is defined in terms of reasonableness. Mechanical Devices, 344 Ill.App.3d at 763, 279 Ill.Dec. 531, 800 N.E.2d at 829. The employer has the burden of justifying the delay, and the employer's justification for the delay is sufficient only if a reasonable person in the employer's position would have believed *778 that the delay was justified. Board of Education of the City of Chicago v. Industrial Comm'n, 93 Ill.2d 1, 9-10, 66 Ill.Dec. 300, 442 N.E.2d 861, 865 (1982). The Commission's evaluation of the reasonableness of the employer's delay is a question of fact that will not be disturbed unless it is contrary to the manifest weight of the evidence. Crockett v. Industrial Comm'n, 218 Ill.App.3d 116, 121, 161 Ill.Dec. 13, 578 N.E.2d 140, 143 (1991).
¶ 21 The standard for awarding penalties under section 19(k) is higher than the standard under 19(l). Section 19(k) of the Act provides, in pertinent part, as follows:
"In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation * * * then the Commission may award compensation additional to that otherwise payable under the Act equal to 50% of the amount payable at the time of such award." (Emphasis added). 820 ILCS 305/19(k) (West 2006).
¶ 22 Section 16 of the Act provides for an award of attorney fees when an award of additional compensation under section 19(k) is appropriate. 820 ILCS 305/16 (West 2006). "The amount of [attorney] fees to be assessed is a matter committed to the discretion of the Commission." Williams v. Industrial Comm'n, 336 Ill. App.3d 513, 516, 271 Ill.Dec. 178, 784 N.E.2d 396, 399 (2003). The calculation of a penalty award under section 19(k) is simply a mathematical computation of 50% of the amount payable at the time of the award. Williams, 336 Ill.App.3d at 516, 271 Ill.Dec. 178, 784 N.E.2d at 399.
¶ 23 An award of penalties and attorney fees pursuant to sections 19(k) and 16 are "intended to promote the prompt payment of compensation where due and to deter those occasional employers or insurance carriers who might withhold payment from other than legitimate motives." McMahan v. Industrial Comm'n, 289 Ill. App.3d 1090, 1093, 225 Ill.Dec. 292, 683 N.E.2d 460, 463 (1997), aff'd, 183 Ill.2d 499, 234 Ill.Dec. 205, 702 N.E.2d 545 (1998).
¶ 24 The standard for awarding penalties and attorney fees under sections 19(k) and 16 of the Act is higher than the standard for awarding penalties under section 19(l) because sections 19(k) and 16 require more than an "unreasonable delay" in payment of an award. McMahan v. Industrial Comm'n, 183 Ill.2d 499, 514-15, 234 Ill.Dec. 205, 702 N.E.2d 545, 552 (1998).[1] It is not enough for the claimant to show that the employer simply failed, neglected, or refused to make payment or unreasonably delayed payment without good and just cause. McMahan, 183 Ill.2d at 515, 234 Ill.Dec. 205, 702 N.E.2d at 552. Instead, section 19(k) penalties and section 16 fees are "intended to address situations where there is not only delay, but the delay is deliberate or the result of bad faith or improper purpose." McMahan, 183 Ill.2d at 515, 234 Ill.Dec. 205, 702 N.E.2d at 553. In addition, while section 19(l) penalties are mandatory, the imposition of penalties and attorney fees under sections 19(k) and section 16 fees is discretionary. Id.
¶ 25 Accordingly, our review of the Commission's decision to deny penalties and fees under sections 19(k) and 16 of the Act differs from our analysis of the Commission's decision to deny section 19(l) penalties. A review of the Commission's *779 decision to deny penalties and attorney fees pursuant to sections 19(k) and 16 involves a two-part analysis. First, we must determine whether the Commission's finding that the facts do not justify section 19(k) penalties and section 16 attorney fees is "contrary to the manifest weight of the evidence." McMahan, 183 Ill.2d at 516, 234 Ill.Dec. 205, 702 N.E.2d at 553. Second, we must determine whether "it would be an abuse of discretion to refuse to award such penalties and fees under the facts present here." McMahan, 183 Ill.2d at 516, 234 Ill.Dec. 205, 702 N.E.2d at 553.
¶ 26 Before we address the merits of the claimant's appeal, we note that the claimant argues that the issue of penalties and fees involves mixed questions of law and fact that are subject to the clearly erroneous standard of review. As we noted in Johnson v. Illinois Workers' Compensation Comm'n, 2011 IL App (2d) 100418WC, ¶ 18, 353 Ill.Dec. 681, 956 N.E.2d 543, the supreme court has never applied the clearly erroneous standard to an appeal involving a decision of the Commission. In addition, the clearly erroneous standard is contrary to the standard of review the supreme court utilized in McMahan. See also R.D. Masonry, Inc. v. Industrial Comm'n, 215 Ill.2d 397, 410, 294 Ill.Dec. 172, 830 N.E.2d 584, 593 (2005) (the Commission's denial of penalties was "not against the manifest weight of the evidence"). Accordingly, we will not apply the clearly erroneous standard in our analysis.

¶ 27 II.

¶ 28 The Commission's Denial of Section 19(l) Penalties
¶ 29 As noted above, the standard of review of the Commission's denial of section 19(l) penalties is the manifest weight-of-the-evidence standard. The Commission's decision is against the manifest weight of the evidence "only if the record discloses that the opposite conclusion clearly is the proper result." Beelman Trucking v. Illinois Workers' Compensation Comm'n, 233 Ill.2d 364, 370, 330 Ill.Dec. 796, 909 N.E.2d 818, 823 (2009). Despite the high hurdle that the manifest-weight-of-the-evidence standard presents, it does not relieve us of our obligation to impartially examine the evidence and to reverse an order that is unsupported by the facts. Boom Town Saloon, Inc. v. The City of Chicago, 384 Ill.App.3d 27, 32, 323 Ill.Dec. 120, 892 N.E.2d 1112, 1117 (2008). In the present case, we believe that the Commissions' determination that the facts do not support section 19(l) penalties is contrary to the manifest weight of the evidence; the record discloses that section 19(l) sanctions is clearly the proper result.
¶ 30 The employer had the burden of proving that its delay was reasonable, and "[i]t is not good enough merely to assert an `honest belief' that a claim is invalid or that an award is not supported by the evidence to avoid sanctions." R.D. Masonry, Inc., 215 Ill.2d at 409, 294 Ill.Dec. 172, 830 N.E.2d at 592. The employer's proffered reasons for its delay in the present case failed to establish a legitimate justification under an objective reasonableness standard.
¶ 31 The arbitrator's decision awarded the claimant benefits for medical expenses, TTD benefits, and PTD benefits. Only the employer appealed from the arbitrator's decision; the claimant did not challenge the arbitrator's awards. On April 10, 2007, the Commission affirmed and adopted the arbitrator's decision concerning the substantive award, except that the Commission awarded the employer section 8(j) credit. The employer did not file any further challenges to the Commission's decision concerning medical expense, TTD, and PTD benefits. While the claimant *780 appealed the Commission's decision, the only issue she contested on appeal was the Commission's denial of penalties. This issue was entirely unrelated to the substantive awards of benefits under the Act. All of the proceedings in the present case after April 10, 2007 concerned the separate issue of penalties and did not concern the Commission's benefits awards. After April 10, 2007, the amount of benefits to which the claimant was entitled was no longer contested. The employer, however, did not pay the employee's awards until June 24, 2009.
¶ 32 In order to analyze the reasonableness of this delay, we must examine the employer's stated justification for failing to pay the awards until June 24, 2009. At the hearing before the Commission on the issue of penalties and fees, counsel for the employer offered the following reasons for the delay in paying the uncontested awards:
"[The claimant] appealed the entire award. There was no specific mention in the appeal, oh, we are only appealing this part. The whole Commission decision was appealed.
Furthermore, it was only until very close to when the Circuit Court finally made it's decision that petitioner requested payment of the permanent total disability portion of the award, so there was no immediate request for payment of that award.
Finally, the Appellate Court has found that fees and penalties were not warranted and the award was paid in a timely fashion once that decision was made and therefore, we ask that you deny [the claimant's] petition for fees and penalties, thank you."
¶ 33 The Commission apparently agreed with the employer's final argument because, in denying the claimant's petition, it "adopt[ed] the Appellate Court decision." In the review proceeding before the circuit court, the employer continued with this theme, noting that the claimant had lost the original petition for penalties and was seeking "a second bite at the apple."
¶ 34 The Commission's reliance on our previous decision that affirmed its denial of the claimant's first petition for penalties was improper. Our prior order concerned the employer's reliance on an independent medical expert as a basis to deny payment of benefits prior to the Commission's decision. Jacobo v. Workers' Compensation Comm'n, No. 3-08-0559WC (2009) (unpublished order pursuant to Supreme Court Rule 23 (eff. May 30, 2008)). The claimant's second petition for penalties concerns the employer's delay in paying the undisputed portion of the award after the Commission determined the merits of the claimant's claim. The facts and analysis relevant to the two petitions are completely dissimilar. The second petition is not a "second bite at the apple" as the employer contends but involves completely different facts and circumstances. Our previous decision does not establish justification for the employer's delay under an objective reasonableness standard.
¶ 35 The employer also argued to the Commission and to the circuit court that the claimant's appeal made her benefits award a non-final judgment and that it was not obligated to pay any portion of the award until it became final. The circuit court agreed with this argument. In confirming the Commission's denial of the claimant's petition for penalties, the circuit court concluded that there was no case law or statutory authority that required the employer to pay the undisputed amount of the award while the appeal was pending. The employer and the circuit court are incorrect.
¶ 36 In Zitzka v. Industrial Comm'n, 328 Ill.App.3d 844, 262 Ill.Dec. 945, 767 *781 N.E.2d 405 (2002), an arbitrator awarded the claimant TTD benefits, permanent partial disability benefits (PPD), and medical expenses as a result of a work-related accident. The employer appealed the arbitrator's decision, and in its petition for review, it listed TTD benefits, medical expenses, causal connection, and the nature and extent of the injury as issues on appeal. In its brief and its arguments before the Commission, however, the only issue it raised was the amount of medical benefits awarded to the claimant. The claimant did not file a petition for review.
¶ 37 The claimant filed a petition seeking penalties under sections 19(k) and (l) and attorney fees pursuant to section 16 of the Act because the employer failed to pay the uncontested portion of the arbitrator's award, arguing that the nonpayment was unreasonable and vexatious. The employer argued that it was not obligated "to pay any part of an award where there is a legitimate dispute over some portion thereof, in order to avoid `piecemeal' payment of awards." Zitzka, 328 Ill.App.3d at 847, 262 Ill.Dec. 945, 767 N.E.2d at 407. The Commission rejected the employer's argument and granted the claimant's petition for penalties. Zitzka, 328 Ill.App.3d at 847, 262 Ill.Dec. 945, 767 N.E.2d at 407.
¶ 38 On appeal, the Zitzka court analyzed the employer's justification for its delay and held that the employer's excuse warranted section 19(k) and (l) penalties and section 16 attorney fees. The court stated as follows:
"In the present case, the workers' compensation award included TTD, PPD and medical expense awards. While [the employer] disputed the medical expense award, it did not dispute the TTD or PPD awards. [The employer] had no legitimate reason to withhold payment of the undisputed awards * * *." (Emphasis added.) Zitzka, 328 Ill.App.3d at 850, 262 Ill.Dec. 945, 767 N.E.2d at 409.
¶ 39 Likewise, in the present case, the employer improperly withheld payment of the undisputed portion of the arbitrator's award. Zitzka plainly establishes that the claimant's appeal of an issue unrelated to the substantive awards is not a "legitimate reason to withhold payment of the undisputed awards." The claimant's appeal, therefore, does not establish a reasonable justification for the employer's delay.
¶ 40 As further justification for its delay, the employer also argued that the claimant's appeal from the Commission's award did not specify that the only issue on appeal concerned the Commission's denial of penalties. However, the record establishes that the employer knew that the penalties were the only issue on appeal at least by April 28, 2008, when the claimant filed her brief in the circuit court, raising only the issue of penalties. Furthermore, the claimant never contested the award amount before the Commission, and that portion of the arbitrator's decision was affirmed and adopted by the Commission. It is a well-settled rule that the failure to raise an issue before the Commission results in its waiver. Greaney v. Industrial Comm'n, 358 Ill.App.3d 1002, 1020, 295 Ill.Dec. 180, 832 N.E.2d 331, 348 (2005). The employer knew that the claimant could not seek any review of the substantive awards and that the only issue she could raise on appeal was the issue of penalties since she did not raise any issues with respect to the substantive awards before the Commission. The employer's feigned ignorance of what issues were contested in the claimant's appeal is not a reasonable justification to delay the payment of the uncontested portion of the award. The employer's argument that the claimant did not make a timely request for payment of her claim also lacks merit. *782 The record establishes that the claimant requested payment of the claim on April 22, 2008 at the latest. The employer did not pay the uncontested portion of the award until over a year later.
¶ 41 We find that the Commission's determination that the employer was justified in delaying payment of the uncontested substantive awards is against the manifest weight of the evidence. Under section 19(l), when the employer's delay is without good and just cause, penalties are mandatory. Accordingly, we reverse the Commission's denial of penalties under section 19(l) and remand this matter to the Commission for a determination of the amount of penalties to be assessed against the employer under section 19(l).

¶ 42 III.

¶ 43 The Commission's Denial of Section 19(k) Penalties and Section 16 Attorney Fees
¶ 44 As noted above, while a penalty under section 19(l) is in the nature of a late penalty, section 19(k) penalties and section 16 attorney fees address situations where there is not only delay, but the delay is deliberate or the result of bad faith or improper purpose. Zitzka, 328 Ill.App.3d at 849, 262 Ill.Dec. 945, 767 N.E.2d at 408. Section 19(k) penalties and section 16 attorney fees, therefore, require a higher standard than section 19(l) penalties. In addition, even when the facts support an award of penalties and attorney fees under sections 19(k) and 16, the decision to award penalties and fees is left to the discretion of the Commission. An abuse of discretion occurs when the Commission's ruling is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the [Commission]." (Internal quotation marks omitted.) See Blum v. Koster, 235 Ill.2d 21, 36, 335 Ill.Dec. 614, 919 N.E.2d 333, 342 (2009).
¶ 45 In the present case, the Commission's determination that the facts do not support penalties and fees under sections 19(k) and 16 is against the manifest weight of the evidence. In addition, we find that the denial of section 19(k) penalties and section 16 attorney fees under the facts of this case constitutes an abuse of discretion.
¶ 46 McMahan guides us in our analysis of this issue. In McMahan, the claimant sustained a back injury in a work-related accident and underwent physical therapy, injections, and eventually back surgery. The claimant's attorney requested that the employer pay TTD benefits to coincide with the claimant's having to miss work due to the surgery. The employer, however, did not comply with the claimant's request for TTD benefits or payment of medical expenses. The employer's insurance carrier had informed the employer that there was a problem with coverage because the employer had not complied with its policy provisions. The claimant filed an application for adjustment of claim and requested penalties and attorney fees under sections 19(k), 19(l), and 16 of the Act. An arbitrator awarded the claimant TTD benefits and medical expenses, as well as penalties and fees under sections 19(k), 19(l), and 16. On review, the Commission eliminated the section 19(k) penalties and the section 16 attorney fees. The claimant appealed the Commission's refusal to award attorney fees and section 19(k) penalties, and the supreme court reversed the Commission.
¶ 47 Applying the higher standard for penalties and fees under sections 19(k) and 16 of the Act, the McMahan court found as follows:
"The employer's conduct was not the result of simple inadvertence or neglect. More was involved than a lack of good *783 and just cause. The employer made an intentional decision not to honor its statutory obligations to the employee, and it did so simply because it had not complied with the requirements of its insurance policy and was unwilling to absorb the costs itself." McMahan, 183 Ill.2d at 515, 234 Ill.Dec. 205, 702 N.E.2d at 553.
¶ 48 The court concluded that the facts established that the Commission's denial of penalties and fees was contrary to the manifest weight of the evidence. The court further held that "it would be an abuse of discretion to refuse to award such penalties and fees under the facts presen[ted] here." McMahan, 183 Ill.2d at 516, 234 Ill.Dec. 205, 702 N.E.2d at 553.
¶ 49 Likewise, in Zitzka, the court held that the facts supported an award of section 19(k) penalties and section 16 attorney fees when the employer refused to pay uncontested portions of an award until all issues were resolved. The court noted that the award included TTD, PPD, and medical expense awards. Zitzka, 328 Ill. App.3d at 850, 262 Ill.Dec. 945, 767 N.E.2d at 409. In awarding penalties and fees, the court noted that while the employer disputed the medical expense award, it did not dispute the TTD or PPD awards and, therefore, had no legitimate reason to withhold payment on those undisputed awards. Id. The court concluded as follows: "The Commission's award of section 19(k) penalties and section 16 attorney fees was proper, and the circuit court erred in finding to the contrary." Id.
¶ 50 In the present case, as outlined above, the employer had no legitimate reason to delay payment of the undisputed awards for TTD, PTD, and medical expenses. The facts on this issue are essentially uncontested. The employer simply refused to pay the undisputed portions of the claimant's award until all appeals on contested issues were exhausted. Similar to the employer in McMahan, the employer's delay in payment of its undisputed obligation was intentional and more than simply a lack of good and just cause. We find that the Commission's determination that the facts did not justify an award of penalties and attorney fees is against the manifest weight of the evidence. We further hold that it would be a gross abuse of discretion to refuse to award such penalties and fees under the facts presented here. The employer's delay in paying the uncontested award in the present case served no purpose except to delay compensation to an injured worker, a result that the penalties are designed to prevent. We want to be clear on this point. Any portion of a claimant's benefits which are undisputed must be promptly paid or the employer will be subject to penalties and attorney fees under the Act.
¶ 51 "The Act provides an income stream to an injured worker, who is typically left without income while he is disabled." Crockett, 218 Ill.App.3d at 121, 161 Ill.Dec. 13, 578 N.E.2d at 143. "Sections 19(k) and (l) are intended to prevent bad-faith and unreasonable withholding of compensation benefits from injured workers." Id. The Commission's denial of penalties and fees under the facts of this case frustrates the Act's purpose to expedite the compensation of industrially injured workers. In addition, as the claimant argues in her brief, the denial of penalties and fees under these facts puts an injured worker in the position of having to choose whether to forego her appeal rights on certain issues or, alternatively, risk the employer withholding the income stream she is due under the Act at a time when she is without income. An employer's delay of payment of uncontested portions of an award under these circumstances serves only the illegitimate purpose of *784 forcing an injured employee into this untenable position. Therefore, considering the facts of this case and the purpose of the Act, the denial of section 19(k) penalties and section 16 attorney fees was arbitrary and unreasonable and constituted a gross abuse of discretion.
¶ 52 We reverse the Commission's denial of penalties under sections 19(l) and 19(k) and attorney fees under section 16 and remand this matter to the Commission for a determination of the amount of penalties and attorney fees to be assessed against the employer for its intentional delay in paying the uncontested portion of the Commission's award.

¶ 53 CONCLUSION
¶ 54 For the foregoing reasons, the decision of the circuit court confirming the decision of the Commission is reversed and this matter is remanded to the Commission for a determination of an award of penalties and attorney fees under sections 19(k), 19(l), and 16 of the Act. On remand, the Commission is directed to determine the date upon which the awards of TTD, PTD and medical benefits were undisputed, calculate the amount of the awards due on that date, and then determine the amount of penalties and attorney fees to be awarded.
¶ 55 Reversed and remanded, with directions.
Presiding Justice McCULLOUGH and Justices HOFFMAN, HUDSON, and HOLDRIDGE concurred in the judgment and opinion.
NOTES
[1] In R.D. Masonry, Inc. v. Industrial Comm'n, 215 Ill.2d 397, 408-09, 294 Ill.Dec. 172, 830 N.E.2d 584, 592 (2005), the supreme court stated, in dicta, that the objective reasonableness standard applies to sections 19(k) and (l). However, the issue of the proper standard under 19(k) was not before the court in R.D. Masonry, Inc. as it was in McMahan.