2016 IL App (1st) 130681

Nos. 1-13-0681 & 1-13-2138 (Cons.)

Fourth Division
February 18, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |
|---|---|
| | ) Appeal from the |
| MARK REED, | ) Circuit Court of |
|       Plaintiff-Appellant, | ) Cook County. |
| v. | ) |
| THE ILLINOIS WORKERS' | ) No. 12L51546 |
| COMPENSATION COMMISSION, TH | ) |
| RYAN CARTAGE COMPANY and L & D | ) Honorable |
| DRIVERS SERVICES, INC., | ) Robert Lopez-Cepero, |
|       Defendants-Appellees. | ) Judge Presiding. |

_____

|  |  |
|---|---|
| | ) Appeal from the |
| MARK REED, | ) Circuit Court of |
|       Plaintiff-Appellee, | ) Cook County. |
| v. | ) |
| THE ILLINOIS WORKERS' | ) No. 12L51546 |
| COMPENSATION COMMISSION, TH | ) |
| RYAN CARTAGE COMPANY and L & D | ) Honorable |
| DRIVERS SERVICES, INC., | ) Eileen O'Neil Burke, |
|       Defendants-Appellants. | ) Judge Presiding. |
| | ) |

_____

JUSTICE COBBS delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1	Pursuant to section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2012)), plaintiff, Mark Reed, applied for a judgment on a portion of a workers' compensation award. Defendants, TH Ryan Cartage Company and L & D Drivers Services, Inc., moved to dismiss the section 19(g) application. The circuit court of Cook County concluded that the Act did not permit enforcement because a portion of the award was on judicial review before the circuit court. Consequently, the court dismissed the section 19(g) application as premature. Defendants thereafter filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994), which the circuit court denied.

¶ 2	Plaintiff appeals from the dismissal of his section 19(g) application. Defendants appeal from the denial of their motion for sanctions.

¶ 3	We affirm both orders of the circuit court.

¶ 4	BACKGROUND

¶ 5	On August 12, 2004, plaintiff suffered injuries in a motor vehicle accident while working as a truck driver for defendants. As a result, he pursued a workers' compensation claim against defendants. On January 18, 2012, an arbitrator with the Illinois Workers' Compensation Commission (Commission) issued a decision in favor of plaintiff. The arbitrator's decision included an award of medical expenses, and an award of temporary total disability (TTD) benefits based on his calculation of plaintiff's wages. Defendants filed a petition for review before the Commission (see 820 ILCS 305/19(b) (West 2012)), which affirmed and adopted the arbitrator's decision on October 15, 2012.

¶ 6	Defendants thereafter informed plaintiff that they planned to petition the circuit court for judicial review of the Commission's determination of plaintiff's wages, but did not plan to contest its determination of plaintiff's medical expenses. On November 15, 2012, defendants filed their petition for judicial review in the circuit court. See 820 ILCS 305/19(f) (West 2012).

¶ 7    On December 10, 2012, plaintiff filed a section 19(g) complaint in the circuit court, in which he applied for judgment on the medical expense portion of the workers' compensation award. See 820 ILCS 305/19(g) (West 2012). On January 23, 2013, defendants filed a motion to dismiss under both section 2-615 and section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2012)). In the motion, defendants argued, *inter alia*, that section 19(g) of the Act did not allow enforcement proceedings because judicial review was pending and, alternatively, that the complaint violated a circuit court local rule.[1]

¶ 8    On March 6, 2013, following a hearing, the circuit court granted defendants' section 2-619 motion to dismiss, without prejudice. The court concluded that section 19(g) of the Act does not provide for enforcement while any proceedings for review are pending. The court subsequently denied plaintiff's motion for reconsideration of the dismissal order. On March 7, 2013, plaintiff filed his notice of appeal. On April 5, 2013, defendants filed a motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 4, 2013), which the court denied. On June 25, 2013, plaintiff filed an amended notice of appeal. On July 1, 2013, defendants filed notice of their separate appeal.[2] Additional pertinent background will be discussed in the context of our analysis.

¶ 9                                    ANALYSIS

¶ 10    Before this court, plaintiff assigns error to the circuit court's dismissal of his section 19(g) application. Also, defendants assign error to the circuit court's denial of their motion for sanctions under Rule 137.

¶ 11                    Enforcement Under Section 19(g) of the Act

---

[1] Defendants additionally argued that they had already satisfied their obligations by tendering the amount due for medical expenses directly to plaintiff's health care insurer and medical provider.

[2] These consolidated cases were originally filed in the Workers' Compensation Commission Division (Division) of the Appellate Court. On May 25, 2015, on the Division's own motion, the cases were transferred to the First District Appellate Court for disposition. See *Aurora East School District v. Dover*, 363 Ill. App. 3d 1048, 1055 n.4 (2006).

¶ 12   The circuit court dismissed plaintiff's section 19(g) application because the Act, according to the court, does not provide for enforcement of a workers' compensation award while proceedings for review are pending. Section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)) provides for the involuntary dismissal of a cause of action based on certain defects or defenses. One of the enumerated grounds for a section 2-619 dismissal is that the claim is barred by affirmative matter which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2012). A section 2-619 dismissal is similar to the grant of a motion for summary judgment. Thus, the reviewing court considers whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such a factual issue, whether dismissal is proper as a matter of law. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 340-41 (2003). The terms of section 19(g) of the Act are properly considered "affirmative matter" that could negate completely the asserted claim. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 487 (1994).

¶ 13   We review *de novo* a circuit court's dismissal of a complaint under section 2-619. *Skaperdas v. Country Casualty Insurance Co.*, 2015 IL 117021, ¶ 14; *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004). Specifically, the material facts being undisputed, the circuit court dismissed plaintiff's section 19(g) application based on the court's construction of the Act. The construction of a statute presents a question of law that is also reviewed *de novo*. *Skaperdas*, 2015 IL 117021, ¶ 15; *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 524 (2006).

¶ 14   Our guiding principles are familiar. The primary goal in construing a statute, to which all other rules are subordinate, is to ascertain and effectuate the intent of the legislature. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001). We look to the statutory language, which given its plain and ordinary meaning, is the best indication of legislative intent. *Beelman Trucking v.*

- 4 -

*Illinois Workers' Compensation Comm'n*, 233 Ill. 2d 364, 370 (2009). We read the statute as a whole and consider all relevant parts. We must construe the statute so that each word, clause, and sentence is given a reasonable meaning, and avoiding an interpretation which would render any portion of the statute superfluous, meaningless, or void. *Cassens Transport*, 218 Ill. 2d at 524. In addition to the statutory language, we also consider the reason for the law, the problems to be remedied, and the objects and purposes sought. *Beelman Trucking*, 233 Ill. 2d at 371. Also, we presume that the legislature did not intend absurdity, inconvenience, or injustice. *Sylvester*, 197 Ill. 2d at 232.

¶ 15    Likewise familiar is the purpose of the Act, which:

> "substitutes an entirely new system of rights, remedies, and procedure for all previously existing common law rights and liabilities between employers and employees subject to the Act for accidental injuries or death of employees arising out of and in the course of the employment. [Citation.] Pursuant to the statutory scheme implemented by the Act, the employee gave up his common law rights to sue his employer in tort, but recovery for injuries arising out of and in the course of his employment became automatic without regard to any fault on his part. The employer, who gave up the right to plead the numerous common law defenses, was compelled to pay, but his liability became fixed under a strict and comprehensive statutory scheme ***. [Citation.] This trade-off between employer and employee promoted the fundamental purpose of the Act, which was to afford protection to employees by providing them with prompt and equitable compensation for their injuries." *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 180-81 (1978).

Nos. 1-13-0681 & 1-13-2138 (Cons.)

Courts liberally construe the Act to effectuate its remedial purpose. *Beelman Trucking*, 233 Ill. 2d at 371; *Cassens Transport*, 218 Ill. 2d at 524.

¶ 16    Section 19(g) provides, in relevant part:

> "Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, *when no proceedings for review are pending*, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith." (Emphasis added.)   820 ILCS 305/19(g) (West 2012).

"The judgment entered by the court is in the nature of an execution of the award, to the end that adequate means may be provided for its enforcement ***." *Friedman Manufacturing Co. v. Industrial Comm'n*, 284 Ill. 554, 558 (1918). "The purpose of section 19(g) is to permit speedy judgment in cases where there has been a refusal to pay the award and a need to reduce the award to judgment to compel its payment. The statute delineates the powers of the court in such a situation." *Franklin v. Wellco Co.*, 5 Ill. App. 3d 731, 734 (1972).

¶ 17    Before this court, plaintiff contends that section 19(g) of the Act permitted the circuit court to enter judgment on only the medical expense portion of the workers' compensation award, even where the TTD benefits portion of the award was under judicial review in the circuit court. We cannot accept this contention. "[W]hile the Act is to be liberally construed to effectuate its purpose, it will not be given a strained construction not fairly within its provisions." *General American Life Insurance Co. v. Industrial Comm'n*, 97 Ill. 2d 359, 370 (1983). The exclusive means to contest the accuracy or validity of a workers' compensation award is through

- 6 -

a proceeding under section 19(f) of the Act. *Nichols v. Mississippi Valley Airlines*, 204 Ill. App. 3d 4, 6 (1990); *Konczak v. Johnson Outboards*, 108 Ill. App. 3d 513, 517 (1982). In contrast, "the circuit court's inquiry under section 19(g) is limited to a determination of whether the requirements of the section have been met." *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 268 (1978). In other words, section 19(f) provides the exclusive method of review for the correction of errors in workers' compensation awards, and section 19(g) provides that *if such method is not selected or is concluded*, the circuit court may render judgment on the award. See *St. Louis Pressed Steel Co. v. Schorr*, 303 Ill. 476, 478 (1922). The Act reflects the legislative balancing of rights, remedies, and procedures that govern the disposition of employees' work-related injuries. This balance should not be lightly disturbed through judicial innovation. *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 44-45. (1994).

¶ 18      Plaintiff essentially seeks to impose on the circuit court the obligation to enter potentially multiple judgments on a single workers' compensation award. However, "[a] series of judgments upon an award is not contemplated by the [A]ct. [Citation.] The practice and procedure in workmen's compensation cases is, as we have so often held, strictly statutory, and paragraph (g) of section 19 of the [A]ct refers only to one judgment ***." *Fico v. Industrial Comm'n*, 353 Ill. 74, 78 (1933). This is why scholars and practitioners have consistently understood section 19(g) as requiring a complete and final Commission decision, from which no review proceedings are pending. See, *e.g.*, 3 Thomas C. Angerstein, Illinois Workmen's Compensation § 2195, at 61 (rev. ed. 1952) ("It is to be particularly noted that a judgment on an award under subsection (g) may be secured only when the award has become final and when no proceedings for review are pending."); Brad A. Elward, *Procedure, Appeals, and Special Remedies*, in Illinois Workers' Compensation Practice § 5.78, at 5-67 (Ill. Inst. for Cont. Legal Educ. 2015) ("Entry of judgment under §19(g) is premature if any review proceedings are pending.").

¶ 19    Plaintiff relies on *Jacobo v. Illinois Workers' Compensation Comm'n*, 2011 IL App (3d) 100807WC, in support of his contention that he may enforce a portion of a workers' compensation award immediately, even where a remaining portion of the award is under review in the circuit court. However, that decision is readily distinguishable. In *Jacobo*, the claimant filed a workers' compensation claim against her employer for injuries arising out of a forklift accident. An arbitrator found the claimant entitled to disability benefits, reasonable and necessary medical expenses, and penalties. The employer appealed to the Commission, which affirmed the arbitrator's award of disability benefits and medical expenses, but reversed the award of penalties against the employer. The employer informed the claimant that it was not going to seek judicial review of this decision, but the claimant sought judicial review of the Commission's decision to reverse the imposition of penalties on the employer. Throughout the appeal to the circuit court, and the later appeal to the appellate court, the employer refused to pay the disability or medical expense awards, despite the fact they were not contested. *Id.* ¶¶ 3-11. On July 3, 2008, claimant proceeded to file a second petition for penalties and fees with the Commission under sections 19(l) and 19(k) of the Act (820 ILCS 305/19(l), 19(k) (West 2006)), for improperly delaying payment of the undisputed portions of the award. On April 27, 2009, the appellate court found that the employer did not have to pay penalties due to conflicting medical opinions, and the employer paid the undisputed portion of the award a couple of months later. The Commission denied the petition for penalties and fees because parts of the original claim were still being contested in the circuit and appellate courts. After the appellate court resolved the employer's original dispute in favor of the employer, the claimant appealed the Commission's denial of her second petition for fees and penalties to the circuit court, which affirmed the Commission's decision. *Jacobo*, 2011 IL App (3d) 100807WC, ¶¶ 11-14. However, the appellate court reversed, finding that the employer was obligated to pay the portions of the award that it

did not dispute, despite the existence of proceedings for review on other portions of the award. Accordingly, the claimant was entitled to penalties and fees. *Id.* ¶ 54.

¶ 20    However, the *Jacobo* court never interpreted section 19(g) of the Act and it was never at issue in that case. In *Jacobo*, the court had already resolved the portions of the award that were being contested before the claimant brought her claim to the circuit court for enforcement. *Id.* ¶¶ 12-13. The issue in *Jacobo* was whether an employer can be penalized under sections 19(k) and 19(l) for failing to pay undisputed portions of an award from the Commission pending the outcome of a petition for review on a separate portion of the award. Neither section 19(k) nor section 19(l) have language requiring that a decision be final before a defendant is liable for penalties or fees for delaying payment of an award. In contrast, at issue in the case at bar is not whether defendants are obligated to pay undisputed portions of the Commission's award, but rather whether section 19(g) allows a party to *enforce* such an award in the circuit court.

¶ 21    Notably, plaintiff overlooks the record when he contends that his medical expenses were undisputed. Defendants represented to plaintiff that they did not plan to contest the Commission's determination of plaintiff's medical expenses. However, in their joint brief before the circuit court on judicial review, defendants not only contested the Commission's calculation of plaintiff's wages, but they also asked the court "to remand this case to the Commission to explain its order" regarding plaintiff's medical expenses. Indeed, defendants invited the circuit court to take judicial notice of the instant section 19(g) proceeding which involved "the interpretation of the medical award." We observe that the pending judicial review proceeding resulted in an order confirming the Commission decision. Defendants appealed to the appellate court, which upheld the circuit court's confirmation of the Commission's decision, but remanded the case to the Commission for the submission of evidence and fact finding on the issue of

plaintiff's medical expenses. *TH Ryan Cartage Co. v. Illinois Workers' Compensation Comm'n*, 2015 IL App (1st) 143209WC-U, ¶¶ 25-27.[3]

¶ 22    We observe that in *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259 (1978), our supreme court held that a section 19(g) application for judgment was not barred by review proceedings pending on "unrelated matters." *Id.* at 267. However, even if the statutory scheme permitted "claim-splitting," the fact that plaintiff seeks section 19(g) enforcement on *the same matter* that was the subject of review proceedings distinguishes the instant case from *Ahlers* and bars his section 19(g) application for judgment.

¶ 23    Plaintiff complains that he "had to wait years" from the dates of services for the medical benefits to the date he had obtained his workers' compensation award for those expenses. He submits that "[n]o justification exists for [defendants] refusing to pay the underlying award of the Commission as soon as it was rendered and not appealed and the [plaintiff] has every right to proceed under section 19(g) to enforce payment as to these amounts." We are not unsympathetic to plaintiff's natural desire for closure, even if only for a portion of this matter. However, by seeking judicial review of the workers' compensation award, defendants are exercising their statutory right to have their liability "fixed under a strict and comprehensive statutory scheme." *Kelsay*, 74 Ill. 2d at 180.

¶ 24    We hold that plaintiff may not apply for a judgment on the medical expenses portion of his workers' compensation award pursuant to section 19(g) of the Act because, at the time of his

---

[3] Based on this decision, plaintiff filed a "Motion to Suggest Mootness of Appeal in Light of Change in Factual Circumstances." Oddly, plaintiff maintains that the pending review proceedings did not bar his section 19(g) application for judgment, but now suggests that "arguably" those proceedings render the circuit court's dismissal order, and hence this appeal, moot. Nonetheless, plaintiff prays that this appeal proceed "irrespective of a claim of mootness." We took the motion with the case and now deny the same as moot. This appeal is not moot, and other than plaintiff's suggestion, no claim of mootness has been presented. The viability of the section 19(g) application is determined at the time of its filing. *Ahlers*, 73 Ill. 2d at 266-67. Therefore, subsequent proceedings for review have not affected the circuit court's dismissal order and our review thereof.

application, proceedings for review were pending. Accordingly, we uphold the circuit court's section 2-619 dismissal of plaintiff's section 19(g) application.

¶ 25    We also observe that defendants argued before the circuit court that plaintiff's section 19(g) application should be dismissed also pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) for failure to state a cause of action. Defendants argued that the section 19(g) complaint failed to adhere to Cook County Circuit Court Rule 10.2 (July 1, 1976), which is the circuit court's local rule implementing the pleading requirements for section 19(g) of the Act. Before this court, defendants repeat this argument in support of the circuit court's dismissal. Since we have upheld the dismissal based on section 2-619, we need not and do not address this alternative argument. See *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 35.

¶ 26                    Supreme Court Rule 137 Sanctions

¶ 27    Defendants assign error to the circuit court's denial of their motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 4, 2013)). They argue that plaintiff's section 19(g) application was not well-grounded in the law because section 19(g) of the Act clearly does not allow enforcement of a workers' compensation award while there are proceedings for review pending.

¶ 28    "Rule 137 authorizes sanctions against an attorney for pursuing false or frivolous lawsuits." *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 578 (2000). Because Rule 137 is penal in nature, it is strictly construed. The decision whether to impose sanctions under Rule 137 is committed to the sound discretion of the circuit court, and that decision will not be overturned absent an abuse of discretion. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998). "A court has abused its discretion when no reasonable person would agree with its decision." *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16.

¶ 29    In the case at bar, the circuit court concluded on the record that sanctions were not appropriate. After carefully reviewing the record, we cannot say that the circuit court abused its discretion in denying defendants' request for sanctions.

¶ 30                                   CONCLUSION

¶ 31    For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint, and the order of the circuit court denying defendants' motion for sanctions, are both affirmed.

¶ 32    Affirmed.