# Illinois Official Reports

## Appellate Court

---

**Theis v. Illinois Workers' Compensation Comm'n**, 2017 IL App (1st) 161237WC

---

| | |
|---|---|
| Appellate Court Caption | BRITTANY M. THEIS, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Steak 'n Shake Operations, Inc., Appellees). |
| District & No. | First District, Workers' Compensation Commission Division Docket No. 1-16-1237 |
| Rule 23 order filed Rule 23 order withdrawn Opinion filed | February 17, 2017 March 14, 2017 March 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-50631; the Hon. Alexander P. White, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Edward Czapla, of Paul W. Grauer & Associates, of Schaumburg, for appellant. Timothy J. O'Gorman, of Keefe, Campbell, Biery & Associates, LLC, of Chicago, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Holdridge and Justices Hoffman, Hudson, and Moore concurred in the judgment and opinion. |

**OPINION**

¶ 1      In May 2014, claimant, Brittany Theis, was awarded benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2012)), for an injury to her right arm resulting from a March 3, 2013, fall at work. Neither she nor the employer, Steak 'n Shake Operations, Inc., filed a petition for review.

¶ 2      In October 2014, claimant filed a petition for penalties and fees pursuant to sections 19(*l*), 19(k), and 16 of the Act. 820 ILCS 305/19(*l*), (k), 16 (West 2012). Following a December 2014 hearing, the Illinois Workers' Compensation Commission (Commission) awarded claimant section 19(*l*) penalties in the amount of $4920, but it denied claimant's request for section 19(k) penalties and section 16 fees. On judicial review, the circuit court reversed the Commission's award of section 19(*l*) penalties, but it otherwise confirmed the Commission's decision. Claimant appeals, asserting the Commission's award of section 19(*l*) penalties was appropriate. We affirm.

¶ 3      **I. BACKGROUND**

¶ 4      In April 2013, claimant filed an application for adjustment of claim pursuant to the Act for an injury to her right arm resulting from a March 3, 2013, fall at work. An arbitration hearing was conducted on April 7, 2014. On May 23, 2014, the arbitrator issued his decision, finding that claimant suffered a work accident and awarding her benefits under the Act. Specifically, he awarded claimant temporary total disability (TTD) benefits in the amount of $460 (which had already been paid by the employer), permanent partial disability (PPD) benefits in the amount of $19,481 (88.55 weeks at a rate of $220 or 35% permanent loss of use of her right arm), and "all medical expenses contained in [claimant's] Exhibits 1-9." Neither party filed a petition for review of the arbitrator's decision.

¶ 5      On October 3, 2014, claimant filed a petition for penalties and fees pursuant to sections 19(*l*), 19(k), and 16 of the Act. She asserted that more than 130 days had passed since the arbitration decision was entered and that the employer had yet to pay either award.

¶ 6      On October 8, 2014, the employer issued claimant a check in the amount of $19,481 for payment of the PPD award.

¶ 7      The record shows an October 16, 2014, email from the employer's counsel to claimant's counsel which states, "I've never received any of your exhibits from trial and I must note I've asked several times since we tried the case. You allowed me to look through your trial exhibits the day of trial however I was never provided a copy." Counsel for the employer further noted its records showed that it had already "paid a significant amount of [claimant's] medical bills" but stated, "[w]ithout your exhibits, we're unable to calculate the correct amount which was awarded at trial. Please send your exhibits to our office as soon as you can so we can calculate what is owed and what was paid and we can cut a check." On December 4, 2014, the employer issued a check to claimant in the amount of $55,997.04 for her medical expenses.

¶ 8      On December 9, 2014, a hearing on claimant's petition was conducted before the Commission. Regarding the award for medical expenses, claimant asserted that her medical bills "were submitted at trial in evidence and they were awarded pursuant to the arbitrator's award at that time on May 23, 2014." Claimant further argued that despite the employer's "notice of those outstanding bills prior to proceeding to the hearing," it "waited over 196 days

to pay the award of medical expenses." In contrast, the employer argued it did not receive copies of claimant's medical bills until October 27, 2014, after having requested them from claimant's attorney. According to the employer, it was not relevant if copies of the medical bills were admitted at trial because the Act requires the medical bills to be tendered to the employer for payment. The employer further stated that upon receiving the medical bills from claimant, "a fee schedule calculation [was] made and the bills compared to other bills and other records we had previously received to make sure that there was no balanced [*sic*] billing or double billing." Once those tasks were completed, the employer issued claimant a check on December 5, 2014.

¶ 9 Regarding the payment of the PPD award, the employer admitted the payment was late. However, it maintained that no request for payment had been made by claimant prior to the filing of her petition for penalties and fees, a copy of which the employer received on October 6, 2014. According to the employer, "that was the first time they were made aware that there had been the nonpayment of the award." The record shows the employer issued claimant a check in the amount of the PPD award on October 8, 2014.

¶ 10 On August 3, 2015, the Commission entered its decision. First, it denied claimant's request for section 19(k) penalties and section 16 fees, finding she failed to prove the employer acted in an unreasonable or vexatious manner. Specifically, the Commission noted claimant had not (1) tendered the medical bills at issue to the employer until October 17, 2014, or (2) requested payment of her PPD award prior to filing her petition for penalties and fees. Essentially, it found that claimant's actions—or failure to act—caused the delay in the payment of the awards. Nonetheless, the Commission awarded claimant section 19(*l*) penalties in the amount of $4920 ($30 per day from June 23, 2014, through December 3, 2014) due to the employer's failure to "timely pay[ ] the award or amounts otherwise due for medical bills and permanency upon the award becoming final and non-appealable."

¶ 11 The employer appealed the Commission's award of section 19(*l*) penalties. On April 12, 2016, the circuit court of Cook County reversed the Commission's award of section 19(*l*) penalties, finding that the employer's delay in paying the awards was justified. It otherwise confirmed the Commission's denial of section 19(k) penalties and section 16 fees.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, claimant challenges the circuit court's reversal of the Commission's award of section 19(*l*) penalties. Specifically, claimant asserts the record shows the employer unreasonably delayed payment of permanency benefits and medical expenses.

¶ 15 A. Standard of Review

¶ 16 We review the decision of the Commission rather than the circuit court's judgment as the Commission is the ultimate decision maker in workers' compensation cases. *Dodaro v. Illinois Workers' Compensation Comm'n*, 403 Ill. App. 3d 538, 543, 950 N.E.2d 256, 260 (2010); *Roberson v. Industrial Comm'n*, 225 Ill. 2d 159, 173, 866 N.E.2d 191, 199 (2007). We will not disturb the Commission's decision unless its analysis is contrary to law or its fact determinations are against the manifest weight of the evidence. *Roberson*, 225 Ill. 2d at 173, 866 N.E.2d at 199. "Fact determinations are against the manifest weight of the evidence only

when no rational trier of fact could have agreed with the agency." *Id.* at 173-74, 866 N.E.2d at 199.

¶ 17                            B. Section 19(*l*) Penalties

¶ 18        Section 19(*l*) of the Act provides as follows:

> "If the employee has made a written demand for payment of benefits under Section 8(a) or Section 8(b), the employer shall have 14 days after receipt of the demand to set forth in writing the reason for the delay. In the case of demand for payment of medical benefits under Section 8(a), the time for the employer to respond shall not commence until the expiration of the allotted 30 days specified under Section 8.2(d). In case the employer or his or her insurance carrier shall without good and just cause fail, neglect, refuse, or unreasonably delay the payment of benefits under Section 8(a) or Section 8(b), the Arbitrator or the Commission shall allow to the employee additional compensation in the sum of $30 per day for each day that the benefits under Section 8(a) or Section 8(b) have been so withheld or refused, not to exceed $10,000. A delay in payment of 14 days or more shall create a rebuttable presumption of unreasonable delay." 820 ILCS 305/19(*l*) (West 2012).

¶ 19        "Penalties under section 19(*l*) are in the nature of a late fee" and are "mandatory '[i]f the payment is late, for whatever reason, and the employer or its carrier cannot show an adequate justification for the delay.' " *Jacobo v. Illinois Workers' Compensation Comm'n*, 2011 IL App (3d) 100807WC, ¶ 19, 959 N.E.2d 772 (quoting *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 515, 702 N.E.2d 545, 552 (1998)). "The standard for determining whether an employer has good and just cause for a delay in payment is defined in terms of reasonableness." *Id.* When benefits are withheld for 14 days or more, a rebuttable presumption of unreasonable delay exists. 820 ILCS 305/19(*l*) (West 2012). "The employer has the burden of justifying the delay, and the employer's justification for the delay is sufficient only if a reasonable person in the employer's position would have believed that the delay was justified." *Jacobo*, 2011 IL App (3d) 100807WC, ¶ 19, 959 N.E.2d 772. "The Commission's evaluation of the reasonableness of the employer's delay is a question of fact that will not be disturbed unless it is contrary to the manifest weight of the evidence." *Id.*

¶ 20        Initially, we note, as did the circuit court, that section 19(*l*) penalties are not applicable to PPD awards. Rather, section 19(*l*) penalties apply to the delayed payment of medical expenses (section 8(a)) and TTD benefits (section 8(b)). See 820 ILCS 305/19(*l*) (West 2012). The record shows that the total TTD award was paid by the employer prior to the arbitrator's decision in this case (the employer was credited $502.86 for TTD) and is not at issue. Thus, section 19(*l*) penalties are appropriate only if the employer failed to show an adequate justification for its delay in paying claimant's medical expenses.

¶ 21        Here, the employer asserts, as it did below, that its delay in paying claimant's medical bills was due to the fact that claimant did not tender the medical bills until October 27, 2014. According to the employer, once it had access to the bills, it calculated the amounts due pursuant to the fee schedule and issued a check to claimant for payment of all medical expenses on December 5, 2014.

¶ 22        In contrast, claimant argues that her "written demand for payment of the medical expenses [as required by section 19(*l*) of the Act] was contained in the Request for Hearing form submitted by the parties at the beginning of the [a]rbitration hearing" and that the medical

- 4 -

expenses claimed at arbitration were admitted into evidence. According to claimant, she "had no duty to tender the medical bills admitted into evidence to [the employer] following the [a]rbitration hearing." Rather, she contends the employer could have accessed her medical records by subpoenaing them directly from the medical providers, ordering them from the Record Copy Service identified on the subpoena for medical bills, or ordering a copy of the transcript of the proceedings and accompanying exhibits.

¶ 23 We note that claimant cites no authority, nor does our research reveal any, to support the proposition that a written demand for payment of medical expenses contained within a request for hearing form submitted *in advance* of an arbitration hearing constitutes a sufficient written request for payment *following* an award of medical expenses under section 19(*l*) of the Act. However, even if we were to find that claimant submitted a sufficient written request for the payment of her award of medical expenses under section 19(*l*) of the Act, we would still find the Commission's award of penalties was against the manifest weight of the evidence. The act of submitting medical bills into evidence during arbitration is not the same as tendering them to the employer for payment. In addition, claimant cites no authority, nor does our research reveal any, which stands for the proposition that an employer has a duty to actively seek out a claimant's medical bills either through the use of a subpoena or some other method in order to comply with the requirements of section 19(*l*). Although the Commission found that it was claimant's failure to tender the medical bills to the employer that caused the delay in the payment of the award, it nonetheless awarded claimant section 19(*l*) penalties due to the employer's failure to timely pay the award, which was error. Here, the employer provided adequate justification for its delay in paying claimant's award of medical expenses. Accordingly, the Commission's award of section 19(*l*) penalties was against the manifest weight of the evidence.

¶ 24                                   III. CONCLUSION

¶ 25 For the reasons stated, we affirm the circuit court's judgment reversing the portion of the Commission's decision which awarded section 19(*l*) penalties and confirming the denial of section 19(k) penalties and section 16 fees.

¶ 26        Affirmed.